Sharp vs. City of Mauston.

SHARP, Respondent, vs. CITY OF MAUSTON, Appellant.

*March 11 — March 27, 1896.*

*Municipal corporations: Settlement of claim for personal injuries: Action, when lies: Mandamus.* ·

1. The rule that an accord must be followed by a satisfaction in order to be binding does not preclude parties from liquidating a disputed claim by an executory contract for the payment of a less amount than that claimed.

2. Where the common council of a city had allowed a sum smaller than that claimed in settlement of a claim for personal injuries, a written demand by the claimant for an order on the city treasurer for the amount so allowed constituted an unconditional acceptance of such settlement and made a binding contract for the payment of the sum so allowed.

3. A provision in a city charter that no action can be maintained against a city until a claim has been presented and disallowed or the council has neglected to act thereon for a specified period, does not require presentation of a claim based upon a contract made by the allowance by the council and acceptance by the claimant of a certain sum in settlement of a claim for a larger amount.

4. Although a city charter provides that no money shall be drawn from the city treasury except on an order signed by the mayor and clerk, one whose claim has been allowed by the council need not proceed by *mandamus* to compel those officers to draw the order, but may bring an action against the city to recover the debt.

APPEAL from an order of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Plaintiff received a personal injury by a fall on a sidewalk in the defendant city. She gave notice to the mayor of such city, pursuant to sec. 1339, R. S., of such injury, claiming that it occurred without fault on her part, by reason of the sidewalk being out of repair; and at the same time she filed with the city clerk a claim for $500, as compensation for such injuries. The claim was investigated by a committee of the common council, who ascertained from

the plaintiff that the matter could be settled for $400; and they reported such fact to the council, and thereafter such council adopted resolutions allowing the claim accordingly. Thereafter, plaintiff, through her attorneys, demanded of the proper officers the issuance and delivery of an order on the city treasurer for the amount so allowed in settlement of such claim.    They refused to comply with such demand, where-upon this action was brought, upon the theory that, by rea-son of the facts, a binding contract existed between the city and plaintiff requiring it to pay plaintiff the said sum of $400 in settlement of her claim.

The foregoing facts and others requisite to make out a cause of action on plaintiff's theory were set forth fully in the complaint.    Defendant demurred generally.    The de-murrer was overruled, and defendant appealed.

*F. S. Veeder,* for the appellant.

For the respondent there was a brief by *H. W. Barney,* attorney, and *Spooner, Sanborn, Kerr & Spooner,* of coun-sel, and oral argument by *Mr. Barney* and *Mr. A. L. San-born.*

MARSHALL, J.    It appears to be conceded by the appellant that if, after the common council allowed respondent's claim at $400, she accepted such action as a settlement, a binding contract was thereby made; and that if such facts appear by the complaint a good cause of action is stated.    The de-mand in writing upon the city treasurer for the order, after the action of the council allowing the claim, before any pro-ceedings were taken looking to a reconsideration of the matter, constituted an acceptance just as effectual as a writ-ing in terms accepting the promise of the city to pay the sum allowed in settlement of the claim.    Such demand was consistent with the theory of an unqualified acceptance, and inconsistent with any other; and, as the complaint states the facts in regard to such demand, all the facts appear

requisite to show a complete and binding contract between the parties. Appellant's counsel states correctly the law that an accord must be followed by a satisfaction in order to be binding; but that does not mean that parties cannot, by an executory contract, liquidate a disputed claim, so that such contract can be enforced by either party to it. All that is required in such a case is that there be an unconditional acceptance of the promise itself, and not the mere performance of it in satisfaction of the disputed claim. Such acceptance of the promise, when made, operates at once to substitute the new contract made by the mutual promises of the parties for the old contract or claim; and if such new contract is not performed the remedy is by action for a breach of it, and not on the original claim. Such is the effect of modern cases both in England and this country. *Good v. Cheesman*, 2 Barn. & Adol. 328; 1 Smith, Lead. Cas. (9th Am. ed.), 613; *Evans v. Powis*, 1 Exch. 601; 2 Parsons, Cont. 682, 683; Story, Cont. (4th ed.), § 982; Com. Dig. "Accord," (B, 1, 4); *Billings v. Vanderbeck*, 23 Barb. 546; *Goodrich v. Stanley*, 24 Conn. 613.

It is contended that the plaintiff does not state a cause of action under the contract, because, by the charter of the defendant city, no action can be maintained against such city till a claim shall have been filed and disallowed or the council shall have neglected to act thereon for a period of sixty days, and that it does not appear from the complaint that any claim under such contract was presented to the council before suit brought. We do not think the charter provision applies to this case. Here a claim had been presented to the council, which was compromised and settled by mutual promises between the parties, by means of which the defendant became obligated to pay plaintiff $400. The auditing body thereby had full opportunity to act in the matter, fully satisfying the provisions of the charter in respect to its having such opportunity before suit brought.

Sharp vs. City of Mauston.

It is further contended that, as the charter provides that no money shall be drawn from the city treasury except on an order signed by the mayor and clerk, the only remedy of the plaintiff is to proceed against the officers to compel them to perform their ministerial duty by issuing the proper order. That such remedy might be resorted to is sustained by High, Extr. Leg. Rem. § 351, and *State ex rel. Fuller v. Martin*, 27 Neb. 441, cited by defendant's counsel. It is well settled that where, by the regulations of a municipal corporation, money in the treasury can only be drawn on an order signed by designated city officers, the duties of such officers are wholly ministerial, and the performance of such duties, upon refusal, may be enforced by *mandamus*. *State ex rel. Ahrens v. Fiedler*, 43 N. J. Law, 400; *Danley v. Whiteley*, 14 Ark. 687; High, Extr. Leg. Rem. §§ 17, 104, 105, 107, 351, 356, and cases cited. But the remedy by *mandamus* is not exclusive. The claimant may, if he sees fit, resort to a civil action against the municipality to recover the debt. *State ex rel. Ahrens v. Fiedler, supra; Guilder v. Otsego*, 20 Minn. 74; *People ex rel. Reynolds v. Flagg*, 16 Barb. 503; *Buck v. Lockport*, 6 Lans. 251; *Raymond v. County Comm'rs*, 18 Minn. 61; *Apgar v. School Dist. No. 4*, 34 N. J. Law, 308. In the last case cited, it was held that the claimant may proceed by suit at law against the corporation or by *mandamus* against the officers to compel them to perform their public functions, and that, in respect to corporations and ministerial officers, a party so circumstanced may elect to proceed either by *mandamus* or by an action at law. See, also, *State ex rel. Van Vliet v. Wilson*, 17 Wis. 687.

It follows from the foregoing that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.