KRAFT, Respondent, vs. THE CITY OF MADISON, Appellant.

*December 13, 1897 — January 11, 1898.*

*Municipal corporations: Failure of common council to act on claim: Remedies: Election:* Mandamus.

1. Under sec. 25, subch. VII, ch. 36, Laws of 1882 (providing that no action shall be maintained against the city of Madison until the claim on which it is based shall have been first presented to the common council for allowance; and that the determination of the council disallowing the claim shall be final and conclusive and a complete bar to any action founded thereon, otherwise than by appeal), failure to act on a claim for five months after its presentation constitutes. presumptively at least, a waiver of the right of the city to be exempt from an action on the claim instituted in the usual way.

2. Although the claimant in such case has a remedy by *mandamus* to compel the council to act on his claim, that remedy is not exclusive, since he might still be put to his appeal and the prosecution of his claim in the circuit court. He may therefore elect to bring his action in the usual way directly against the city.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge.  *Affirmed.*

The plaintiff has a claim against the defendant for work

Kraft vs. The City of Madison.

·done· and materials furnished under a contract for the con-
struction of a sewer. He presented his claim to the com-
·mon council of the defendant, for audit, on October 9, 1896.
It was referred to the proper committee of the council, and
·has not further been acted upon by the common council. The
plaintiff commenced this action, for the recovery of the sum
·claimed, March 9, 1897. The complaint sets out the facts
·on which the claim is based, its presentation to the common
·council for audit, its reference to the proper committee, and
that no further action has been had thereon by the common
·council. The city demurred to the complaint on the several
grounds (1) that several causes of action had been improp-
·erly united; (2) that the complaint failed to state a cause
of action; (3) that the court had no jurisdiction, either of
·the cause of action or of the person of the defendant; and
(4) that the plaintiff has not legal capacity to sue. From
··an order overruling the demurrer the city appeals.

John A. Aylward, city attorney, for the appellant, con-
tended, inter alia, that the plaintiff has mistaken his remedy.
He should have resorted to mandamus, not to an original
action in the circuit court. High, Extraordinary Leg. Rem.
·§§ 31, 32, 323, 324, 338, 346, 348; Dillon, Mun. Corp. (4th ed.),
§ 832; 14 Am. & Eng. Ency. of Law, 179, 183; People ex rel.
Hunt v. Board of Sup'rs of San Francisco, 28 Cal. 429; Peo-
ple ex rel. Hasbrouck v. Board of Sup'rs of New York Co.
21 How. Pr. 322, 327; People ex rel. Wilson v. Sup'rs of Al-
bany, 12 Johns. 414; State ex rel. Van Vliet v. Wilson, 17
Wis. 687, 694; State ex rel. Child v. Smith, 16 id. 531; State
·ex rel. Gill v. Common Council of Watertown, 9 Wis. 254;
State ex rel. Wolff v. Sup'rs of Sheboygan Co. 29 id. 79; State
·ex rel. Gerke v. Board of Comm'rs, 26 Ohio St. 369; Merrill,
Mandamus, § 225; People ex rel. Thurston v. Town Auditors
·of Elmira, 82 N. Y. 80, 83; Hull v. Supervisors of Oneida
Co. 19 Johns. 259; Price v. Sacramento Co. 6 Cal. 254; Tilden
·v. Sup'rs of Sacramento Co. 41 Cal. 68. Plaintiff having

Kraft vs. The City of Madison.

treated the claim as disallowed should have taken an appeal and given his bond as the charter requires. Whether this claim was disallowed or not, this was his only remedy. Secs. 25–29, subch. VII, ch. 36, Laws of 1882; *Vogel v. Antigo*, 81 Wis. 642; *Watson v. Appleton*, 62 id. 267; *Fleming v. Appleton*, 55 id. 90; *Sheel v. Appleton*, 49 id. 125; *Koch v. Ashland*, 83 id. 361; *Benton v. Milwaukee*, 50 id. 368; *Drinkwine v. Eau Claire*, 83 id. 428; *West v. Eau Claire*, 89 id. 31; *Wright v. Merrimack*, 52 id. 466; *Chicago & N. W. R. Co. v. Langlade*, 55 id. 116; *Chicago, M. & St. P. R. Co. v. State*, 53 id. 509; *Pier v. Oneida Co.* 93 id. 463; *Van Fracken v. Ft. Howard*, 88 id. 570.

For the respondent there was a brief by *Jones & Stevens*, and oral argument by *B. W. Jones*. They argued, among other things, that where parties are required by statute to present their claims for allowance to councils or boards and the latter neglect or refuse to act, the claimant may, after waiting a reasonable time, resort to the courts of general jurisdiction to maintain his rights. *Buck v. Lockport*, 43 How. Pr. 361; *Smith v. Buffalo*, 44 Hun, 156; *Cummings v. Brooklyn*, 11 Paige, 596; *Van Wert v. School Dist.* 100 Mich. 333; *Dundas v. Lansing*, 75 id. 499; *Whitney v. Port Huron*, 88 id. 268; *Ferguson v. Davis Co.* 57 Iowa, 701; *White v. Polk Co.* 17 id. 413. In several of these cases a shorter time than five months was held an unreasonable delay. Both individuals and cities may waive provisions of this character in contracts or statutes by refusing to take advantage of them. The general jurisdiction of courts over such actions is not taken away, and the provisions are waived unless the defendant promptly takes advantage of them by demurrer or answer. *Benton v. Milwaukee*, 50 Wis. 368; *Owens v. Milwaukee*, 47 id. 461; *Sheels v. Appleton*, 49 id. 125; *Sharp v. Mauston*, 92 id. 629; and the New York cases cited above. If a remedy at all, *mandamus* is not the exclusive remedy. *Sharp v. Mauston*, 92 Wis. 629;

*Guilder v. Otsego*, 20 Minn. 74; *Apgar v. School Dist.* 34
N. J. Law, 308; *State ex rel. Van Vliet v. Wilson*, 17 Wis.
687; *Fox Lake v. Fox Lake*, 62 id. 492; *Buck v. Lockport*,
43 How. Pr. 361; *McArthur v. Troy*, 15 N. Y. Weekly Dig.
(1882), 4.

NEWMAN, J.   The real point in contention is whether the
circuit court can get jurisdiction of the cause of action in
any way, other than by an appeal from an order of the
common council disallowing the claim.   The charter of the
appellant provides (Laws of 1882, ch. 36, subch. VII, sec. 25)
that no action shall be maintained against the city until the
claim on which it is based shall have been first presented to
the common council for allowance.   The determination of
the common council disallowing the claim is made final,
and a complete bar to any action founded on such claim,
otherwise than by an appeal to the circuit court for Dane
county as therein provided.   Secs. 26–28.   The effect of these
provisions of the charter is that no action can be maintained
until the claim on which it is based has been presented to
the common council for allowance.   If the claim is allowed,
an action upon it is forestalled and unnecessary.   If it is
disallowed, no action can be instituted for its recovery.
The exclusive remedy in that case is the appeal provided by
the charter.   So it is always within the power of the com-
mon council to prevent the institution of an action against
the city in the usual way by acting upon the claim.   By
allowance, it forestalls an action.   By disallowance, it sub-
stitutes an appeal for the ordinary action.   These restric-
tions on the mode of enforcing claims against the city are
of some substantial advantage to the city.   The claimant,
to make his appeal effectual, must give a bond to indemnify
the city against the costs of the appeal.   And, so the city is
protected against the costs of defending against ill-founded
or fictitious claims.   This protection it can always command
by proper action on the claims.

Kraft vs. The City of Madison.

But there is no provision in the charter for the case of an entire omission of the common council to act upon the claim,— either to allow or to disallow it.   The institution of an action in the ordinary way upon the claim in that case is not expressly forbidden by the charter.   It would seem that in that case the claimant should be remitted to the ordinary remedy for the enforcement of his right; for surely the ordinary remedies of parties are not taken away, except by express prohibition or very plain implication.   These provisions of the charter, being intended for the benefit of the city, can be waived by it.   No doubt, the common council is to be allowed a sufficient and reasonable time in which to make audit of the claim.   It is entitled to so much time for that purpose as is reasonably necessary to enable it fairly to investigate the facts out of which the claim arises and on which it rests, and to inform itself of its justness and legality.   Until the expiration of such reasonable time, the city should not be subject to be harassed by an action.   But, by omitting to act upon the claim within such reasonable time, it may fairly be deemed to waive the benefit of its exemption from an action instituted in the usual way.   It cannot by inaction stand off the claimant indefinitely.

It would seem that the five months which elapsed between the presentation of the plaintiff's claim to the common council for audit and the time of the commencement of the action was, at least *prima facie*, reasonably sufficient to enable the council to properly investigate and audit the claim.   So it is deemed that the complaint states facts which show, at least presumptively, that the common council, by inaction, had waived the right of the city to be exempt from an action on the claim instituted in the usual way.

But it is urged that the claimant had a remedy, by way of *mandamus*, to compel the common council to act upon his claim, and that he was limited to that remedy.   Doubtless, that remedy was open to him.   But that affords a remedy only by a circuitous route.   After *mandamus* had done its

utmost office, it might easily happen that he would be no nearer to his ultimate recovery. He might still be put to his appeal and a full prosecution of his claim in the circuit court. The law favors directness, rather than circuity, of action. The plaintiff was not limited to the remedy by *mandamus.* He had an election. It was within his election to bring his action in the usual way, directly against the city. *Sharp v. Mauston,* 92 Wis. 629.

*By the Court.—* The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.