H. E. BAILEY v. JAMES STRACHAN and Others.

October 30, 1899.

Nos. 11,895—(100).

### Restitution of County Moneys—Action by Taxpayer.

*Held,* a taxpayer may maintain an action against members of the board of county commissioners to compel them to restore to the county treasury moneys wrongfully and illegally drawn out of the same by them.

### Same—Demand.

In July the plaintiff made a demand of the board of county commissioners that they commence an action to compel restitution of the funds so diverted from the county treasury, but did not bring this action until the latter part of the following January. In the meantime a general election had been held, and the time for the January meeting of the board had passed. Conceding, without deciding, that it should be presumed that some of the persons composing the board had changed in the meantime, it was not necessary that plaintiff make a new demand before bringing this action.

Appeal by defendant Strachan from an order of the district court for Wilkin county, C. L. Brown, J., overruling a demurrer to the complaint. Affirmed.

*Henry G. Wyvell* and *Lyman B. Everdell,* for appellant.

*Edward Balentine* and *J. W. Mason,* for respondent.

CANTY, J.

This is an appeal by one defendant from an order overruling a demurrer to the complaint. The action is brought by a taxpayer against certain persons who had been, and some of whom still are, members of the board of county commissioners. The complaint alleges that defendants, while members of such board, conspired together to allow illegal claims for each other; that they, being a majority of such board, did allow the claims pursuant to such conspiracy, and order them paid out of the county treasury, and the

same were paid accordingly. The character and amount of each of such illegal claims are set out. The prayer for relief is that each of the defendants be adjudged to restore to the county treasury the sum so illegally taken therefrom by them as aforesaid.

Appellant contends that a taxpayer cannot maintain such an action as this. We cannot so hold. It is well settled that a taxpayer may maintain an action to prevent the wrongful diversion of public funds which will increase the amount of his taxes, and we are of the opinion that a taxpayer can maintain an action to compel the restoration of funds which have been illegally taken out of the county treasury, as well as an action to restrain the illegal taking out of such funds. The case of Land v. McIntyre, 100 Wis. 245, 75 N. W. 964, is directly in point.

The complaint alleges that at a meeting of the board of county commissioners held on July 22, 1898, plaintiff demanded of said board that they cause an action to be brought against these defendants for the recovery by the county of the money so wrongfully taken out of the county treasury, but that said board refused, and still refuses, to comply with such demand. This action was not commenced until the latter part of the following January, after the time the regular meeting of the board should have been held in that month. The court will take judicial notice that either two or three members of the board were elected in the prior November election, and that their terms of office commenced on the first Monday of January. Appellant contends that we should presume that the personnel of the board changed on that day to the extent of at least two members, and that, as a condition precedent to maintaining this action, it was necessary that plaintiff make a new demand that the new board bring an action for the purposes above stated. Conceding, without deciding, that we should so presume, we cannot hold that such a new demand was necessary. The demand was not made on the persons composing the board, but on the board itself. It is a continuing body, and a change in its membership did not destroy the effect of the demand already made.

Order affirmed.