THE STATE EX REL. THE BOARD OF SCHOOL DIRECTORS OF THE TOWN OF WORCESTER and another, Respondents, vs. NELSON and another, County Treasurer, etc., Appellants.

*November 25 — December 15, 1899.*

*Taxation: School districts: Mistake in performance of official duty: Title to funds raised by taxation: Municipal corporations: Mandamus.*

1. The county board of Price county, in determining the amount of tax to be levied in the town of W. for county purposes, included an ·item for "county school tax." This amount, with all other items of state and county taxes, was certified by the county clerk to the town clerk of the town of W. and, through the statutory channels, levied, collected, and paid into the county treasury, the town being under the township system of school government. The relators thereupon sued out a writ of *mandamus* to compel the county

State ex rel. School Directors of Worcester vs. Nelson and another.

treasurer to pay over such sum to the town treasurer for their use as the board of school directors of said town. *Held,* that the county board having the power and duty, by sec. 1074, R. S. 1878, to include, in the levy and certification of county taxes to the town clerk, a direction to raise a certain amount of taxes for the use of relators as a distinct corporation, the actions of the county board, and of the several officers, must be treated as mistakes and irregularities; and that the fund in question belonged, not to the town, but to the school district, and should be in the custody of the town treasurer for its use.

2. The fund so raised having passed into the county treasury and become a part of the county moneys in the custody of respondent; and the relators' right thereto being against the county, based on an implied contract to repay money had and received to their use; and the statute requiring their claim to be presented to the county board, and providing for bringing the matter into court only by appeal, equivalent to an action at law; and the county treasurer under sec. 715, Stats. 1898, having no authority to pay the same over unless its payment has been authorized by a vote of the county board, certified to him by its chairman and county clerk,— a clear and adequate remedy is provided, and hence a case was not presented that entitled relators to the extraordinary and summary process of *mandamus* against such county treasurer.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

In each of the years 1894 and 1895 the county board of Price county, in their resolution determining the amount of tax to be levied in the town of Worcester for county purposes under sec. 1074, R. S. 1878, included an item, "county school tax," $351.86 in 1894, and $222.26 in 1895. In the certificate made by the county clerk to the clerk of the town, under sec. 1096, R. S. 1878, this item was included along with all the other items of state and county taxes to be levied in that town, and was so levied and extended on the tax roll, and included in the warrant from the town clerk to the town treasurer. The town also levied town taxes for school purposes, approximating $5,000, in each of those years; and in the warrant from the town clerk to the

town treasurer the latter was ordered to retain only the items specified as town taxes, which did not include the two items called "county school tax." The town treasurer obeyed his warrant, retained only those which were specified as town taxes, and paid all balance over to the county treasurer, treating these items of "county school tax" as county taxes. Worcester is under the township system of schools. The circuit court, after return and trial, issued its writ of *mandamus*, in which it commanded *Nelson*, the county treasurer, to pay over to the town treasurer, as such, the aforesaid sums "for the use of said relators, *The Board of School Directors of the Town of Worcester*." The judgment ordering said writ was rendered December 16, 1898. On January 3, 1899, the respondent *Nelson*, then county treasurer, gave notice of appeal, deposited the amount ordered to be paid with the clerk of court, and gave bond on appeal. Afterward, *O. A. Johnson*, who became county treasurer on the first Monday in January, 1899, was, on his own motion, joined as a party respondent, and by the order given authority to perfect appeal. He thereupon served notice of appeal from the judgment, and gave undertaking for costs.

*H. C. Peters*, for the appellants.

For the respondents the cause was submitted on the brief of *M. Barry*.

Dodge, J. 1. The appellants object to the judgment on the ground, among others, that the money raised by taxation and paid over to the county treasurer did not belong to the school district relator, but, if not to the county, to the town. The question of ownership of moneys thus coming into a public treasury is not easy. The whole transaction, strictly speaking, was unlawful and by mistake; but the taxpayers from whom the money came are probably not in position to reclaim it, having paid voluntarily. Whether that be so or not, they are not now seeking to recover it. We may look

upon it as a donation by them, and need only consider which of these corporations is the donee. The county board had no power or authority to levy upon the town of Worcester any school tax for the use of the county. It did, however, have both the power and the duty, by secs. 1074, 1075, R. S. 1878, to include in its resolution levying the county taxes, and in the certificate of those taxes to the town clerk, a direction to raise a certain amount of school taxes for the use of the school district, a distinct corporation. We have no doubt that the act done by the county board and county clerk was intended as a performance of this duty, and that the misdescription of the item as a "county school tax" was a mistake merely, so that the act really done was that which the statute commands, namely, the direction above described. This being so, we must consider the acts of the town officers as done in compliance with that direction, and, while irregular, as amounting merely to extension upon the tax roll and collection of the amount directed for the purpose prescribed by law, namely, for the use of the school district. The ensuing confusion and mistakes, whereby the town treasurer, lawfully holding this money for the school district, paid it over to the county treasurer who, under the same mistake, received it and carried it into the county treasury as county money, cannot change the rights previously existing. As between public corporations and officers, title and ownership to such a fund can be neither gained nor lost by its transfer through mistake from one treasury to another, its identity being always defined and recognized (*Wis. Cent. R. Co. v. U. S.* 164 U. S. 190, 212); and the corporation to which it belongs can always recover it from that unlawfully or by mistake receiving and retaining it. The latter gains no title, and holds merely for the true owner. We conclude, therefore, that the fund in question belongs to the school district, and should be in the custody of the town treasurer for its use.

2. The question next arising is whether the relators are

entitled to enforce their rights to the money in question by *mandamus* against the county treasurer. Conceding that their right to receive this money is clear, still, to justify this procedure, it is essential that an express duty to perform the demanded act be imposed on the respondent by law, and that relators be without clear, adequate, and complete remedy by ordinary action. High, Extr. Leg. Rem. §§ 9, 10, 15; *State ex rel. Wolff v. Sup'rs of Sheboygan Co.* 29 Wis. 79; *Fox Lake v. Fox Lake*, 62 Wis. 486, 492; *Board of Education of South Milwaukee v. State ex rel. Reed*, 100 Wis. 455; *In re Blake*, 175 U. S. 114. In the case at bar the respondent received these moneys for the county under the mistaken idea of all parties that they had been collected for and belonged to it. They have passed into the county treasury, and become part of the county moneys in the custody of respondent. *State ex rel. Bell v. Harshaw*, 76 Wis. 241. The right of the relators, therefore, is one against the county, is based on implied contract to repay the money had and received to the relators' use, and would support a direct legal action, but for the statute requiring claims against counties to be presented to the county board, and brought into court only by appeal. That procedure is, however, the entire equivalent of an action at law, and constitutes a clear and adequate remedy, and *mandamus* should not issue to accomplish the same purpose. *State ex rel. Wolff v. Sup'rs of Sheboygan Co., supra; Board of Education of South Milwaukee v. State ex rel. Reed, supra; Kings Co. v. Johnson*, 104 Cal. 198, 201; Merrill, Mandamus, § 17.

This view does not ignore the rule of another line of decisions which hold that after a public corporation has acted favorably upon a debt, so that its nonpayment is due solely to the failure of some officer to perform some purely ministerial act expressly enjoined upon him by law, as the signing of an order by mayor or clerk, or even the manual payment

State ex rel. School Directors of Worcester vs. Nelson and another.

of the money by the treasurer, that specific act may be compelled by *mandamus*. *State ex rel. Treat v. Richter*, 37 Wis. 275; *Sharp v. Mauston*, 92 Wis. 630; *State ex rel. C. Reiss C. Co. v. Born*, 97 Wis. 542; *Gutta Percha & R. Mfg. Co. v. Ashland*, 100 Wis. 232. These cases do not 'deny, but recognize, that generally the enforcement of a debt or contract right to money against a public corporation must be by the ordinary processes of an action; but when all the purposes of such an action are accomplished by the voluntary act of the corporate body in conceding the debt and ordering payment, and the only obstacle is the refusal or neglect of some officer to perform a ministerial duty, the creditor need not be driven to take the steps which would otherwise be necessary to establish his right against the corporation, but may have a writ against the individual officer to compel performance of the act enjoined on him by law. The writ serves, not as a substitute for a plain legal action, but as a supplement removing some obstacle by compelling performance of some ministerial act, expressly enjoined by law, necessary to render establishment of legal right possible or effective. *Kraft v. Madison*, 98 Wis. 252. Further than this, there is no specific duty prescribed by law on the part of the respondent to pay back this money. It is not in his possession as an individual free to act, but is in the possession of the county, of which he is only one officer, and with certain duties, which do not include the payment of any moneys of the county until that corporation has authorized their payment by a proceeding carefully prescribed. The county board must by its vote authorize the payment, and that authority must be certified to the treasurer by the chairman and county clerk before any duty or authority vests in him to pay. Sec. 715, Stats. 1898; *State ex rel. Mulholland v. Manitowoc County Clerk*, 48 Wis. 112; *State ex rel. Bell v. Harshaw*, 76 Wis. 241; *Dubordieu v. Butler*, 49 Cal. 512, 517. We con-

clude, therefore, that a case is not here presented to entitle these relators to the extraordinary and summary process of *mandamus* against the county treasurer.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment denying an imperative writ.