### DOLLAR *v.* CITY OF MARQUETTE.

1. MUNICIPAL CORPORATIONS — CLAIM FOR INJURIES — PRESENTATION—ACTION BY COUNCIL—INVALID CONDITIONS.

Under a city charter providing that persons claiming damages for injuries caused by defective sidewalks shall, within 30 days after the injury, give written notice thereof to the mayor, recorder, or city attorney, and within 90 days present a sworn claim to the city controller, stating the time, place, cause, and manner of such injury, and the facts connected therewith, and the witnesses, if any, present when such injury was received, it is the duty of the council to act upon a claim when duly presented, without demanding, as a condition precedent to its action, that the claimant appear with his witnesses before a committee of the council.

2. SAME—REMEDY—APPEAL.

Provisions of a city charter relating to appeals to the circuit court from the disallowance of claims by the common council have no application where the council refuses to act upon a claim duly presented until the fulfillment by claimant of conditions which it has no right to impose, but in such case the claimant may maintain an original action to enforce his claim.

Error to Marquette; Stone, J. Submitted January 12, 1900. Decided March 6, 1900.

Case by Frank Dollar against the city of Marquette for personal injuries.   From a judgment for defendant, plaintiff brings error.   Reversed.

*John L. Heffernan* (*E. J. Mapes*, of counsel), for appellant.

*George P. Brown* (*Charles R. Brown*, of counsel), for appellee.

MOORE, J.   Suit is brought by declaration in an action on the case for damages claimed to have been sustained by plaintiff by reason of a defect in a sidewalk. The declaration alleges service upon the mayor of such notice of the alleged injury, and the presentation to the controller of such verified claim, as are required to be made by the city charter.   The declaration also alleges the presentation of the claim to the council, its reference to a committee, report thereon, and laying of the same on the table, and charges that the council, having reasonable opportunity, has unreasonably and purposely refused and neglected to allow and pay or reject the claim.   Plea in abatement was interposed upon two grounds:

1. That the subject-matter is pending before the council, undetermined, to be taken up and disposed of whenever claimant will appear to be examined as a witness as to the cause and extent of his alleged injuries; that the delay and failure of the council to allow or reject the claim have been occasioned wholly by the failure, neglect, and refusal of the claimant to appear and testify before its committee or to produce any evidence; that the council is, and has been at all times, ready to consider and act upon said claim upon its merits, upon evidence which will enable it to act intelligently and fairly.

2. That the case was not brought into the circuit court by appeal from any action or determination of the council upon said claim.

The case requires the construction of charter provisions contained in sections 19–22, chap. 11, Act No. 323, Local Acts 1893, which are as follows:

"SEC. 19. The said city shall not be liable to respond in damages for any injury to person or property occasioned by any·defect or alleged defect in any public street, lane, alley, park, walk, public space, or public building or public ground within said city, unless the person claiming such damages shall, within thirty days next after such injury, give written notice to the mayor, recorder, or city attorney of the fact, date, and particulars of such injury, and shall, within ninety days next after such injury, present such claim to the controller of said city in writing and under oath, stating the time, place, cause, and manner of such injury, and the facts connected therewith, and the witnesses, if any, present when such injury was received, and the amount of damages claimed by reason of such injury.

"SEC. 20. In case any such claim is disallowed by the common council, or the party claimant is not content with the amount awarded or tendered such claimant in settlement thereof, such claimant shall, within ten days after notice of the action of the council upon said claim, file with the city recorder a notice of such claimant's intention to appeal from such determination, and shall, within sixty days next thereafter, cause a transcript of such claim, together with a certified copy of any 'vote of the council of said city relative to such claim, to be filed in the office of the clerk of the circuit court of the county of Marquette, in the form and manner appeals from justices of the peace are now filed; and it is hereby made the duty of the recorder to make such certified copy for said appellant without charge therefor.

"SEC. 21. Before filing such appeal, the clerk of said county shall require the appellant to execute and file a bond in the sum of three hundred dollars, with one or more sureties, conditioned for the payment of all costs. adjudged against the appellant in said action, which bond shall be filed in said cause: *Provided*, however, that in case the appellant shall make affidavit that, by reason of poverty, such appellant is not able to furnish such security, such bond shall not be required, except upon motion and showing made to the judge of said circuit court that the appellant is able to furnish such security.

"SEC. 22. The appellant shall, upon filing said appeal, cause notice thereof to be served upon the city attorney, and after such notice the said cause shall be proceeded in, in the same manner as prescribed by law in suits commenced by summons."

There is scarcely any dispute about the facts. They are substantially as follows: July 9, 1898, plaintiff served written notice on the mayor of an alleged injury received June 12, 1898, by reason of a defect in a sidewalk in a public street, and on September 10th following filed with the controller his verified claim. At its next session, Sep-.tember 19th, the common council referred the claim to a standing committee, which committee reported at the next session, October 3d, that they had the claim under consideration, and had made such investigation thereof as they were able, from which, in their opinion, there was grave question as to whether, as a matter of fact, the claimant "is or has been suffering from any injury, and as to whether, as matter of fact, any injury which he may have received is or was through or in consequence of any fault on the part of the city," and recommended that testimony bearing thereon should be formally taken, and submitted to the council for its consideration in acting upon the claim. The council appointed a committee to investigate the claim, empowering them to summon witnesses, employ a stenographer, and make report of their doings "with all convenient speed." The date for the next regular session thereafter was November 7th. It was agreed upon October 10th between claimant's representative and the city attorney, acting for said committee, that November 1st would best suit the convenience of all parties to appear before the committee; and on October 31st claimant was personally served with a notice of the appointment, powers, and purposes of the committee, and that they would meet at 8 p. m., November 1st, to commence taking proofs, and that claimant was required to be present with his witnesses to testify in support of his claim. The hearing was adjourned until November 3d. Claimant did not attend. His attorney appeared specially, and insisted that, although the claimant was under no legal obligation to do so, he was willing to submit to an examination by any two or more reputable physicians as to his injuries; that he was practically a pauper, and

unable to furnish medical testimony. Until that was done, he refused to produce evidence, unless the committee would accept as conclusive the testimony of the physician who, without compensation, had been attending him. In addition, claimant, by his attorney, while insisting on his legal rights, offered to produce, if the committee would furnish the means, all the testimony possible to show the merits of the case; objecting to a partial investigation, where he had not the means to produce all the facts. This he offered to do without subpœna, and without notice. The committee decided that it had jurisdiction, and would not accept the offer. The chairman then declared the investigation closed. At the next session of the council, the committee reported fully in writing, and recommended that said claim be laid on the table until such time as the claimant was willing to produce before the council or its committee the evidence required in support of his claim. The claim was laid upon the table. No further action was taken by the council or the committee. No appeal was taken by plaintiff to the circuit court from any action or determination of the common council upon the claim. On December 23d this action was commenced in the circuit court. The case was tried by the circuit judge without a jury, who found the facts substantially as herein stated. He found, as a matter of law, that:

"It was the right and duty of the common council to investigate and pass upon the claim, and, by allowing it in whole or in part, or by rejecting it, reach such a determination thereon as would be appealable to this court, before jurisdiction of the claim could be entertained by this court, unless such right had been waived either expressly or impliedly, by failure to diligently investigate and act on such claim."

He held that the council had been diligent in the investigation of the claim, and had a right to suspend the investigation of the claim until the plaintiff should be willing to appear and be examined as a witness and produce

the evidence in support of his claim, and that their failure to act was not such a waiver as would entitle the plaintiff to appeal to the circuit court, and that upon the facts in the case plaintiff is not entitled to maintain this action. A judgment was entered in favor of the defendant.

Counsel for appellant make two propositions: (1) That the charter provisions above quoted are unconstitutional; and (2) if not unconstitutional, their provisions have been waived by the common council. It is the claim of counsel for defendant (1) that the charter provisions are constitutional; (2) that the common council has not the power to waive their provisions; and (3) that there has been no such waiver.

It is claimed that the law is unconstitutional because it undertakes to provide for a judicial tribunal unknown to the Constitution, taking from the circuit courts jurisdiction of causes of action, except they are brought into those courts by appeal from a body unable, under the Constitution, to exercise judicial powers. It is urged that this is a clear invasion by the legislative department of the judicial department of the government. On the other hand, it is insisted that the charter provisions simply affect the remedy, and do not affect the cause of action. Speaking for myself, I should be inclined to the opinion that the law was unconstitutional, because of conferring upon the council judicial power, if I accepted the argument urged by the counsel for the city, that the council was empowered to compel the attendance of the plaintiff and his witnesses, and enter upon a full hearing of the case, and, upon their coming to a conclusion against the plaintiff, their action would be final unless he appealed to the circuit court from this decision. As I view the case, I do not deem it necessary to pass upon the question of the constitutionality of the act. In the absence of these charter provisions, under the general laws of the State, plaintiff would have a cause of action against the city. The charter provisions do not in terms repeal the provisions of the general law. Section 19, already quoted, provides

what the claimant must do. Mr. Dollar complied literally with these provisions. The charter does not require him to appear personally and with his witnesses before either the council or a committee appointed by it. When the claimant has complied with the provisions of section 19, it becomes the duty of the council to take action upon the claim. Section 20 gives the claimant no right of appeal, except his claim is disallowed. The council did not disallow his claim, and therefore the conditions under which he was entitled to an appeal had not occurred, and he was not authorized to make it. What is the result? An injury occurred early in June, of which written notice is given in early July, and a verified claim made in early September. The council impose conditions upon the claimant which they have no right to impose upon him, and assign that as a reason for refusing to act, and they say he has no remedy. A statute of this sort was construed in *Kraft* v. *City of Madison*, 98 Wis. 252 (73 N. W. 775). Mr. Kraft had a claim against the city, and presented it to the common council, who referred it to a committee. No further action was taken, and he brought suit in the circuit court. It was claimed on the part of the city, as it is claimed here, that the circuit court could get jurisdiction in no other way than by an appeal from the common council disallowing the claim. We quote from the opinion:

"The charter of the appellant provides that no action shall be maintained against the city until the claim on which it is based shall have been first presented to the common council for allowance. The determination of the common council, disallowing the claim, is made final, and a complete bar to any action founded on such claim, otherwise than by an appeal to the circuit court for Dane county, as therein provided. The effect of these provisions of the charter is that no action can be maintained until the claim on which it is based has been presented to the common council for allowance. If the claim is allowed, an action upon it is forestalled and unnecessary. If it is disallowed, no action can be instituted for its recovery. The exclusive remedy in that case is the appeal provided

by the charter. So it is always within the power of the common council to prevent the institution of an action against the city in the usual way by acting upon the claim. By allowance it forestalls an action; by disallowance it substitutes an appeal for the ordinary action. These restrictions on the mode of enforcing claims against the city are of some substantial advantage to the city. The claimant, to make his appeal effectual, must give a bond to indemnify the city against the costs of the appeal; and so the city is protected against the cost of defending against ill-founded or fictitious claims. This protection it can always command by proper action on the claims. But there is no provision in the charter for the case of an entire omission of the common council to act upon the claim,—either to allow or to disallow it. The institution of an action in the ordinary way upon the claim in that case is not expressly forbidden by the charter. It would seem that in that case the claimant should be remitted to the ordinary remedy for the enforcement of his right; for surely the ordinary remedies of parties are not taken away, except by express prohibition or very plain implication. These provisions of the charter, being intended for the benefit of the city, can be waived by it. No doubt, the common council is to be allowed a sufficient and reasonable time in which to make audit of the claim. It is entitled to so much time for that purpose as is reasonably necessary to enable it fairly to investigate the facts out of which the claim arises and on which it rests, and to inform itself of its justness and legality. Until the expiration of such reasonable time, the city should not be subject to be harassed by an action. But, by omitting to act upon the claim within such reasonable time, it may fairly be deemed to waive the benefit of its exemption from an action instituted in the usual way. It cannot by inaction stand off the claimant indefinitely."

See, also, *White* v. *County of Polk*, 17 Iowa, 413; *Sharp* v. *City of Mauston*, 92 Wis. 629 (66 N. W. 803).

The charter of the city of Lansing has a provision that it shall be a defense to a claim of this character that a verified claim had not been rejected by the council, or that the action or proceeding was brought before the council had reasonable time to pass upon the claim. A claim was presented January 16th. It was referred to the city attor-

ney, who reported it back with the recommendation that it be laid upon the table, which was done. The council made no investigation of the merits of the claim, and suit was brought April 23d. The court held that the plaintiff had substantially complied with the provisions of the charter, and could maintain her action. *Dundas* v. *City of Lansing*, 75 Mich. 499 (42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457). The charter of Port Huron has a similar provision. The plaintiff presented her claim December 6th. No action was taken upon it, and on January 12th she brought her suit. The court said that she waited long enough before she did it. *Whitney* v. *City of Port Huron*, 88 Mich. 268 (50 N. W. 316, 26 Am. St. Rep. 291). The charter of Muskegon provides that suits shall not be instituted against the city until a claim, duly verified, has been presented to the common council. It was held that where a claim not properly verified was rejected, but not for that reason, the defect was waived. *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78). The city of Jackson has a charter provision like the one in the charter of the city of Lansing, to which we have alluded. A claim which had not been presented to the council was sued. The city did not interpose the defense given it by the charter until upon a motion for a new trial, after the case had been tried upon the merits. It was held that the defense was interposed too late. *Canfield* v. *City of Jackson*, 112 Mich. 120 (70 N. W. 444). See, also, *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663).

It will be seen from these cases that the defense is not one which may be urged by the city, irrespective of what it has done or has failed to do. When Mr. Dollar complied with the provisions of section 19, it then became the duty of the city to act. It was entitled to a reasonable time to investigate the claim, and either allow or disallow it. But it must do either one thing or the other. It could not impose conditions upon Mr. Dollar not imposed by the statute, and refuse to act until he had complied with those

conditions.   Five months elapsed after the city was noti-
fied of the accident before suit was brought.   It was not
brought until six weeks after his claim had been laid upon
the table because he did not submit to conditions not im-
posed upon him by the charter.   Unless he was willing to
abandon his claim altogether, it is difficult to see what
else he could do, except to bring suit.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.