STATE EX REL. WUNDERLICH, Respondent, vs. KALKOFEN and others, imp., Appellants.

*November 29—December 13, 1907.*

Mandamus: *Demurrer to return: Subsequent motion to quash writ: Effect: Appeal and error: Exceptions: Scope and effect: Alternative writ: Irregularities: Waiver: Scope of* mandamus: *Other adequate remedy: Towns: Claims: Allowance by electors: Collection: Costs.*

1. In *mandamus* the attitude of defendant in moving to quash the writ after the relator has interposed a demurrer to the return, and in submitting the cause for decision on the alternative writ, return, demurrer to return, and motion to quash, is in effect a concession that the allegations of the relation are true and consent to have the case turn upon the questions of law involved.
2. In *mandamus*, where there was no evidence except in the nature of conceded facts, an exception specifying that the order and judgment is not supported by the law or the evidence is *held* to mean that the final result was not warranted by the facts.
3. In *mandamus* the submission of the cause for final decision on the merits waives all irregularities to the alternative writ, as

well as the right to plead over and the trial of those parts of
the return raising issues of fact, if any.

4. Where a claim against a municipality has been allowed and noth-
ing remains to be done to enable claimant to obtain his pay but
to issue to him the proper warrant on the municipal treasury,
in case of a refusal so to do the claimant may proceed by
*mandamus* to compel its issuance, notwithstanding he may
also, if he chooses, proceed by action.

5. Where taxpayers of a municipality have submitted to taxation
for the purpose of paying a claim and the amount specially lev-
ied for that purpose has been collected, the claimant is entitled
thereto regardless of whether he could originally have judicially
enforced his claim.

6. In such case the officers, upon whom rests the mere ministerial
duty of effecting payment, cannot legitimately raise the ques-
tion of the legality of the demand the money was raised to dis-
charge, and so delay and defeat its payment.

7. A *mandamus* proceeding is regarded as an action respecting the
right to costs, the relator for that purpose being treated as the
party plaintiff, and costs, upon the relator's recovery, go against
the person committing the wrong.

8. In a *mandamus* proceeding against the supervisors of a town, if
they individually are the persons committing the wrong righted
by relator's recovery, costs should go against them personally
and not against the town.

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

*Mandamus* action against the supervisors and clerk of the
town of Rolling, Langlade county, to compel the issuance to
the relator of a town order for $58.23.

There was a petition upon which an alternative writ of
*mandamus* was issued, stating this in substance: The peti-
tioner having a claim against the town of Rolling duly pre-
sented the same to the town board of audit of such town for
allowance at the regular meeting of such board in March,
1902, and it was disallowed. The amount was $58.23. At
the annual town meeting thereafter such claim and such
action thereon was duly reported to the assembled electors,
whereupon it was allowed by such electors and a motion was

adopted to raise by taxation a sum sufficient to pay it and directing the town clerk to extend such sum upon the tax roll, which was done, resulting in such amount being collected by the town treasurer from the taxpayers. Nevertheless the town board of such town refused to issue to the petitioner the necessary town order to enable him to obtain the money from such treasurer. The petition closed with a prayer for a writ of *mandamus* requiring such town board to issue to the petitioner a town order for his allowed claim and the town clerk to countersign the same. The alternative writ of *mandamus* was duly served. The supervisors made return thereto, in effect, that if plaintiff incurred the expenses stated in his relation it was without authority from the town; that the board of audit disallowed such claim, as stated in the petition; that if it was allowed at the annual town meeting, as stated in the petition, it was done without authority of law; that as to one item, amounting to $3.75, credit was given and the same was paid before the commencement of the action; that the electors did, as alleged, attempt to allow the claim; and that the allegations of the petition not admitted, qualified, or explained are denied.

The town clerk returned that he was guiltless in the matter, because the town board had not authorized the issuance of any order, and that such authorization was a prerequisite to his acting in such matter.

The petitioner demurred generally to the returns for insufficiency. Subsequently the supervisors and the town clerk moved the court to quash the alternative writ upon the ground that the facts stated in the relation were insufficient to warrant the issuance thereof.

The cause was submitted to the court for decision on the relation, alternative writ, returns thereto, demurrers to the returns, and subsequent motion to quash. The court, under the circumstances, considered the parties as conceding the facts to be as stated in the relation and presenting for de-

cision only the question of law as to whether, on such facts, the relator was entitled to the relief prayed for, regardless of whether his claim, originally, was a legal demand or not, and that so far as the return took issue on any allegation of fact it was to be deemed as modified. Therefore in determining the matter the court, by way of recitals, held that the facts were not in dispute, specified them as in the relation, and awarded judgment for a peremptory writ, in effect, requiring the town supervisors in due form to order the issuance of a town warrant to the relator to the amount of his claim, the town clerk to countersign the same, and the warrant when so countersigned to be delivered to the relator when demanded. Judgment was also rendered in favor of the relator for costs against the supervisors, but no judgment in that respect was rendered either way as to the clerk. The supervisors filed an exception to the order for judgment and judgment upon the ground that the same was unsupported by the law and the evidence, and because the judgment for costs was against the supervisors personally.

The cause was submitted for the appellants on the brief of *W. F. White,* attorney, and *Henry Hay,* of counsel, and for the respondent on that of *T. W. Hogan.*

MARSHALL, J.   It seems that the trial court rightly treated the proceedings on the part of appellants and their attitude in submitting the cause for decision, as was done, as in effect a concession that the allegations of the relation were true and consent to have the case turn on whether respondent was entitled to a town order enabling him to obtain from the town treasurer the money raised by taxation for his benefit. The return of the supervisors was quite evasive. Looking at the equivocal nature of the denials as to the allegations of the relation respecting the money to pay respondent's claim having been raised by taxation, which if not true could easily have been met by a positive denial, it is quite plain that ap-

pellants either did not intend to put such allegation in issue or did intend to withdraw the return in that regard by the motion to quash and submission of the case as indicated. There was no complaint made in the court below because the orders disposing of the demurrers and the motion did not grant the privilege of pleading over, and no complaint because the court understood there was no dispute as to the facts. While it was not necessary to file any exception to the order or judgment, one was filed, as indicated by the statement, and its phraseology indicates that a final decision by the trial court upon the case as made by the proceedings referred to was expected. While the exception specifies that the order and judgment is not supported by the law or the evidence, as there was no evidence except in the nature of conceded facts, the real meaning, we take it, is that the final result was not warranted by such facts.

It follows from the foregoing that many of the points argued by appellants' counsel must be considered as having been waived. All irregularities as to the alternative writ were waived by submission of the cause for final decision on the merits, as was also waived the privilege of pleading over and those parts of the return raising issues of fact, if there were any. So we pass to the question of law arising upon the conceded facts as the court properly understood them to be.

The point is made that the proper remedy for respondent was by action, hence that the *mandamus* remedy was not available to him.

That where one's claim against a municipality has been allowed and nothing remains to be done to enable him to obtain his pay but to issue to him the proper warrant on the municipal treasury, he may proceed by *mandamus* to compel its issuance, in case of a refusal to do so, notwithstanding he may also, if he chooses, proceed by action, is not an open question. This court has repeatedly so held. *Sharp v. Maus-*

*ton,* 92 Wis. 629, 66 N. W. 803; *Kraft v. Madison,* 98 Wis.
252, 73 N. W. 775; *Gutta Percha & R. Mfg. Co. v. Ashland,*
100 Wis. 232, 75 N. W. 1007; *State ex rel. School Directors
v. Nelson,* 105 Wis. 111, 80 N. W. 1105.

In the last case cited the court said:

The authorities "do not deny, but recognize, that generally
the enforcement of a debt or contract right to money against
a public corporation must be by the ordinary processes of an
action; but when all the purposes of such an action are ac-
complished by the voluntary act of the corporate body in con-
ceding the debt and ordering payment, and the only obstacle
is the refusal or neglect of some officer to perform a minis-
terial duty, the creditor need not be driven to take the steps
which would otherwise be necessary to establish his right
against the corporation, but may have a writ against the in-
dividual officer to compel performance of the act enjoined
on him by law.  The writ serves, not as a substitute for a
plain legal action, but as a supplement removing some obsta-
cle by compelling performance of some ministerial act, ex-
pressly enjoined by law, necessary to render establishment of
legal right possible or effective."

That sufficiently answers appellants' contention at this
point.

It does not seem to be material whether respondent's
claim, as originally presented to the town board of audit
and to the electors at the town meeting, was a legal demand
or not, or whether it was competent for the electors to allow
the claim if it was not a legal demand.  The taxpayers hav-
ing submitted to taxation for the purpose of paying the
claim, recognizing a moral obligation at least to reimburse
the respondent, and the amount specially levied for that pur-
pose having been collected, he was entitled thereto regard-
less of whether he could originally have judicially enforced
his claim.  We know of no reason nor of any authority to
support the contention that, after the taxpayers of a munici-
pality have so submitted to taxation and the money has actu-
ally been accumulated in the hands of the public treasurer,

and neither the taxpayers nor the electors have, in any manner, changed their position, the officers, upon whom rests the mere ministerial duty of effecting such purpose, can legitimately raise the question of the legality of the demand the money was raised to discharge and delay or defeat the execution of such purpose.

In *Frey v. Fond du Lac,* 24 Wis. 204, it was said, in effect, that though a valid claim is essential to the maintenance of an action against a municipality it does not follow that it is not the duty of such municipality to pay money actually raised to discharge a claim having no legal basis; that a tax voted and raised should be applied for the purpose for which it was raised. That must be so and fully justifies the decision of the trial court requiring the issuance of the order to respondent.

The only other matter requiring attention is a claim that costs should not have been allowed against the supervisors personally. A *mandamus* proceeding is regarded as an action respecting the right to costs, the relator for that purpose being treated as the party plaintiff in a case like this. *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954. That costs, upon the relator's recovering, go against the persons committing the wrong, as the supervisors in this case, is ruled by *State ex rel. School Dist. v. Wolfrom,* 25 Wis. 468.

*By the Court.*—The judgment is affirmed.