STATE ex rel. FREDERICK KRON v. JOHN B. HODAPP.[1]

May 22, 1908.

Nos. 15,620—(94).

**Mandamus—Duty of City Recorder.**

In June, 1906, the city council of Mankato entered into a contract for the purchase of certain property for park purposes. The indebtedness thereby contracted, together with other outstanding obligations, exceeded the limit authorized by the city charter. Subsequent to the purchase of the property the city council created a fund of $3,500 for the payment of interest on the purchase price and the improvement of the property as a park. A tax was levied and assessed accordingly, and the same has been paid into the treasury of the city voluntarily and without objection by the taxpayers, and a considerable portion thereof is now on hand for the purposes for which it was raised. The city council thereafter, in May, 1907, by proper action ordered an instalment of interest paid. The city recorder refused to issue the order on the treasurer therefor on the ground that the contract for the purchase of the park was illegal and void, because the indebtedness thereby created exceeded the charter limit. In mandamus proceedings to compel him to issue the order it is held (1) that appellant's duties as city recorder were purely ministerial; (2) that as the money for the payment of the claim in question was voluntarily paid into the treasury by the taxpayers, and was on hand at the time the city council ordered the interest paid, the recorder is in no position to set up in defense of his refusal to issue the order the alleged illegality of the contract of purchase.

Alternative writ of mandamus from the district court for Blue Earth county directed to respondent requiring him to execute and deliver to relator an order on the treasurer of the city of Mankato for the sum of $241.20, or to show cause why he has not done so. The case was tried before Quinn, J., acting for the judge of the Sixth judicial district, who made findings and as conclusions of law found that relator is entitled to a peremptory writ as prayed. Affirmed.

*W. R. & C. D. Geddes* and *Wm. F. Hughes,* for appellant.

*S. B. Wilson,* for respondent.

[1] Reported in 116 N. W. 589.

BROWN, J.

Appeal from a judgment of the district court of Blue Earth county commanding and requiring appellant, the city recorder of the city of Mankato, to issue and sign a warrant or order on the treasurer of the city in payment of a claim which had been duly allowed by the city council. The facts are as follows: In June, 1906, at the solicitation of a number of the citizens of Mankato, the city council thereof entered into a contract for the purchase of a tract of land in the central part of the city to be devoted to park purposes. The purchase price agreed upon was $8,500, to be paid in annual instalments, with interest, of $500, and a general tax was levied to meet the payments as they became due. The first payment of $500 was raised by popular subscription, several citizens contributing the amount. Subsequent to the purchase a further special tax upon all the property of the city in the sum of $3,500 was levied and assessed for the purpose of improving the park property and to meet the payments of interest to accrue upon the purchase price. This tax has been paid by the taxpayers into the city treasury, and, so far as the record discloses, voluntarily and without protest, over $900 of which has been expended in the improvement of the property, and over $1,500 was on hand for the purpose for which it was levied and paid at the time of the trial. An instalment of interest became due, and a claim therefor was presented to the city council in May, 1907, the auditing board of the city, and duly allowed and ordered paid. Appellant is the city recorder, and it is his duty to draw and issue the proper order for all claims allowed by the council; but he refused to issue the order for the payment of this claim, on the ground that the contract for the purchase of the property was illegal and void, for the reason that the indebtedness thereby created exceeded the limit authorized by the city charter.

In view of the conclusion we have reached on one branch of the case, it becomes unnecessary to consider or determine the numerous questions raised by appellant.

If it be conceded that the contract for the purchase of the property was void for the reason urged by him, still we are clear that he is in no position to raise the question. The fact, as found by the trial court and already mentioned, that subsequent to the purchase of this property a fund was created by the city council to be devoted exclusively

to its improvement as a park, and for the payment of interest to accrue on the purchase price, and the further fact that a tax was levied accordingly and has been paid into the treasury without objection on the part of the taxpayers, a considerable portion of which is now on hand for the purpose stated, would seem to be conclusive against the right of appellant, the city recorder, to prevent the use of the money for the purposes for which it was voluntarily paid into the treasury by the taxpayers. The duties of a recorder as applied to a case of this kind are exclusively ministerial. The charter vests in him no discretionary or other authority in respect to the auditing and allowing of claims against the municipality. The city council possesses the sole power in that respect, and the act of drawing an order in payment of a claim allowed by that body is merely clerical or ministerial, and may be enforced by mandamus in a proper case. Money for the purpose of paying the claim in question is in the treasury, paid in by the voluntary action of the taxpayers. It cannot be returned to the taxpayers nor diverted to other purposes. Those who submitted to taxation and voluntarily paid their assessments cannot recover it back. 1 Smith, Mun. Corp. § 241. No taxpayer has ever questioned the validity of the contract, and to sustain appellant's contention would result in impounding the money now in the treasury for this express purpose, tying it up for an indefinite period, at least until the legislature at some time in the future should relieve the situation in some way. No sufficient reasons are given to sustain the right of the recorder by a refusal to perform his ministerial duties to create a situation of this kind. By consummating the wishes of the taxpayers he would incur no liability, within the rule of Bailey v. Strachan, 77 Minn. 526, 80 N. W. 694; for the discharge of his duty in issuing the order would be neither wrongful nor unlawful, within the principle of that case.

The facts bring the case within Wunderlich v. Kalkofen (Wis.) 113 N. W. 1091, where the supreme court of Wisconsin said: "It does not seem to be material whether respondent's claim, as originally presented to the town board of audit and to the electors at the town meeting, was a legal demand or not, or whether it was competent for the electors to allow the claim if it was not a legal demand. The taxpayers having submitted to taxation for the purpose of paying the claim recognizing a moral obligation at least to reimburse the respondent, and

the amount specially levied for that purpose having been collected, he was entitled thereto, regardless of whether he could originally have justly enforced his claim. We know of no reason nor of any authority to support the contention that after the taxpayers of a municipality have so submitted to taxation and the money has actually been accumulated in the hands of the public treasurer, and neither the taxpayers nor the electors have in any manner changed their position, that the officers upon whom rests the mere ministerial duty of effecting such purpose can legitimately raise the question of the legality of the demand the money was raised to discharge and delay or defeat the execution of such purpose."

Our conclusion, therefore, is that appellant, city recorder, is in no position to be heard to urge the illegality of the contract in defense of his refusal to issue the order in payment of the claim in question.

Judgment affirmed.