PATRICK FINNEGAN, administrator, *vs.* FALL RIVER GAS
WORKS COMPANY.

Bristol.   March 7, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Loss of Life — Negligence — Due Care — Expert.*

The plaintiff's intestate, while in the cellar of a building of the defendant in the
performance of his duty as an employee of the water board of a city, for the
purpose of reading a water meter, was killed by inhaling gas. There was no
evidence as to how the gas got into the cellar, nor any evidence of the defend-
ant's negligence beyond the facts that the gas was there, and that the ventila-
tion of the cellar was stopped up. *Held,* that the presiding justice erred in
directing a verdict for the defendant; that the jury might have found that the
defendant knew, or ought to have known, of a dangerous accumulation of gas
in the cellar, and might have averted the danger by opening the ventilator, or
putting the meter in a different place; and that, by omitting so to do, the de-
fendant was guilty of negligence toward the deceased, who, though there may
have been a perceptible smell of gas when he entered the cellar, the jury might
have been warranted in finding, did not take such a risk as put him beyond the
protection of the law.

In an action for the death of a person caused by inhaling gas, a physician testified
that the deceased had a period of conscious suffering before death. The phy-
sician had not had any experience of the kind of asphyxiation in question, or
with patients, but his general competency as an expert was not questioned.
*Held,* that, although it might not be admissible merely to repeat what a witness
had read in a book not itself admissible, still, when one who was competent on
the general subject accepted as probably true a matter of detail which he had
not verified, the fact gained an authority which it would not have had from the
printed page alone, and, subject to the exercise of some discretion, might be
admissible.

TORT, by the administrator of the estate of John J. Finnegan,
to recover for his death, caused by inhaling gas in the cellar of
one of the buildings belonging to the defendant. Trial in the
Superior Court, before *Maynard,* J., who, at the request of the
defendant, ruled that the plaintiff was not entitled to recover,
and directed a verdict for the defendant, and the plaintiff alleged
exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1893, and after-
wards was submitted on the briefs to all the judges.

*H. A. Dubuque,* for the plaintiff.

*A. J. Jennings,* for the defendant.

HOLMES, J.   In the opinion of a majority of the court, the exceptions must be sustained.   The evidence for the plaintiff tended to show that his intestate was killed by inhaling gas while he was in the cellar of a building of the defendant, in pursuance of his duty as an employee of the Water Board of the city of Fall River, for the purpose of reading a water meter. There was no evidence how the gas got into the cellar, nor any evidence of the defendant's negligence, beyond the facts that the gas was there, and that the ventilation of the cellar was stopped up.   But it appears that the defendant, by taking water, voluntarily entered into a relation, the result of which, as it knew, was to require some one to enter its premises in order to read the water meter.   It was bound to use reasonable care to prevent the place thus necessarily entered by the deceased from being a death trap.   The jury might have found that it knew or ought to have known of the presence of gas in the cellar in quantities that might be dangerous, and that it might have prevented the accumulation by opening the ventilator, or might have put the meter in a different place.   We are of opinion that they might have found the defendant guilty of negligence towards the deceased. See *Smith* v. *Boston Gas Light Co.* 129 Mass. 318.

We must take it that there was a perceptible smell of gas when the deceased entered the cellar, but that he was acting under a certain stress of duty.   We cannot say that the jury would not have been warranted in finding that the risk did not appear to be great, and in fact would not have been great if the ventilation had been open, and that, in view of the exigency, the deceased could take such risk as was manifest without losing the protection of the law.   *Pomeroy* v. *Westfield*, 154 Mass. 462, 465.

There was evidence for the jury, whatever may be thought of its weight, that the deceased had a period of conscious suffering before death.   One of the doctors testified to that effect.   To be sure, he had not had any experience of this kind of asphyxiation personally, or with patients, but his general competency as an expert seems not to have been questioned; and, although it might not be admissible merely to repeat what a witness had read in a book not itself admissible, still, when one who is competent on the general subject accepts from his reading as probably

true a matter of detail which he has not verified, the fact gains an authority which it would not have had from the printed page alone, and, subject perhaps to the exercise of some discretion, may be admitted. We see no sufficient ground for saying that the testimony admitted in this case could be treated as furnishing no evidence of the fact. *Collier* v. *Simpson*, 5 C. & P. 73. *State* v. *Wood*, 53 N. H. 484, 494, 495. *State* v. *Baldwin*, 36 Kans. 1, 17. *State* v. *Terrell*, 12 Rich. (S. C.) 321. Compare *Soquet* v. *State*, 72 Wis. 659.   *Exceptions sustained.*