SANDY HAMILTON v. MINNEAPOLIS DESK MANUFACTURING COMPANY.

November 9, 1899.

Nos. 11,743—(61).

### Safety of Building—Fire Department.

At common law the owner or occupant of a building owed no duty to keep it in a reasonably safe condition for members of a public fire department who might, in the exercise of their duties, have occasion to enter the building.

### Same—Laws 1893, c. 7—Title of Act.

The constitution provides that "no law shall embrace more than one subject, which shall be expressed in its title." The title of Laws 1893, c. 7, is "An act providing for the protection of employees." *Held* that, though the provisions of the act are broad enough to include firemen of a public department, yet, under the title of the act, it must be deemed one exclusively for the protection of employees.

### Negligence of Owner—Proof Required.

In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed upon him by statute for the benefit of somebody else, and that such person would not have been injured if the duty had been performed, but he must also show that the duty was imposed for his benefit or was one which the defendant owed him for his protection.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. From an order, Pond, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*Chas. A. Dalby,* for appellant.

A fireman has only the rights of a licensee, while on the premises of another in discharge of his duty. Beehler v. Daniels, 18 R. I. 563; Beehler v. Daniels, 19 R. I. 49; Gibson v. Leonard, 143 Ill. 182; Woodruff v. Bowen, 136 Ind. 431; Cooley, Torts (2d Ed.) 367. Hence

at common law plaintiff could not recover.   Laws 1893, c. 7, confers
no right of action.   Under the constitution the title is part of the
act.   Sutherland, St. Const. § 86.   The title fixes the bounds of the
act.   Board v. Baker, 80 Ind. 374; Matter of Tappen, 36 How. Pr.
390; State v. Garrett, 29 La. An. 637; Coutieri v. Mayor, 44 N. J. L.
58; Mississippi & R. R. Boom Co. v. Prince, 34 Minn. 71; Ex parte
Moore, 62 Ala. 471; Matter of Blodgett, 89 N. Y. 392.   The act will
not be construed to extend its operation beyond the title.   Bates v.
Nelson, 49 Mich. 459.   The title must express the subject compre-
hensively enough to include all the provisions of the act.   Mewher-
ter v. Price, 11 Ind. 199, 201; Ryerson v. Utley, 16 Mich. 269; Dor-
sey's Appeal, 72 Pa. St. 192; Ross v. Davis, 97 Ind. 79; Mayor v.
Lewis, 12 Lea, 180; State v. Sullivan, 73 Minn. 378.   The act must
be construed as a police regulation, and is merely declaratory of
the law.   Grant v. Slater, 14 R. I. 381.   Cf. Soutar v. Minneapolis I.
E. Co., 68 Minn. 18; Hess v. Adamant Mnfg. Co., 66 Minn. 79.   A
person cannot be made liable for breach of a statutory duty, unless
the duty is clearly imposed.   Beehler v. Daniels, supra.   Firemen
are not within the purview of the act.   Harty v. Central, 42 N. Y.
468; Holmes v. Central, 37 Ga. 593; Bell v. Hannibal, 72 Mo. 50;
Ricketts v. East, 12 C. B. 160; East Tennessee v. Feathers, 10 Lea,
103.   As to the time when liability attached under the act, see
Grant v. Slater, supra; Maker v. Slater, 15 R. I. 112.

*George W. Meyer,* for respondent.
Plaintiff was on the premises as a matter of right.   Parker v.
Barnard, 135 Mass. 116; Learoyd v. Godfrey, 138 Mass. 315.   An
entry on land to save goods in danger of being destroyed by fire
or other cause is not a trespass.   Proctor v. Adams, 113 Mass. 376.
An officer who enters premises in discharge of his duty is not a
mere licensee, and may maintain an action for their defective con-
dition.   Parker v. Barnard, supra; Learoyd v. Godfrey, supra.   If
one who is lawfully on premises of another without fault or negli-
gence falls through a hole thereon, the occupant will be held re-
sponsible.   Addison, Torts (3d Ed.) 163; Gordon v. Cummings, 152
Mass. 513; Engel v. Smith, 82 Mich. 1; Parker v. Barnard, supra.
A fireman may enter for protection of property.   Inhabitants v.

Gay, 120 Mass. 589.   See Trask v. Shotwell, 41 Minn. 66; Sweeny v. Old Colony, 10 Allen, 368; Emery v. Minneapolis Ind. Exp., 56 Minn. 460.

Firemen come within the purview of the act.   Tvedt v. Wheeler, 70 Minn. 161, 167.   The title is not part of an act, and cannot control it.   Proprietors v. Proprietors, 7 Pick. 344; Parker v. Barnard, supra.   See also Woodruff v. Bowen, 136 Ind. 431; Beehler v. Daniels, 18 R. I. 563.

BUCK, J.

The plaintiff was a fireman in the employ of the fire department of the city of Minneapolis, and sustained an injury by reason of his falling through an unguarded elevator shaft in a factory in the possession and control of the defendant, not owned by it, but wherein it carried on the business of manufacturing desks, and to this end operated the elevator in question.   The plaintiff entered the building in the discharge of his duty, as a member of said fire department, in response to a call to extinguish a fire originating in said building, and it was while in the discharge of such duty that he was so injured, through the negligence of the defendant in failing and omitting to fence and place guards around or inclose said elevator. The facts were alleged in the complaint, and defendant demurred, on the ground that sufficient facts were not stated to constitute a cause of action, and, this demurrer being overruled, the defendant appeals.

By the rules of the common law, a fireman going upon the premises of another, under the circumstances appearing in this record, could not recover damages for such an injury.   However hard such a rule may seem, it appears to be settled that the owner or occupant of a building owed no duty to keep it in a reasonably safe condition for members of a public fire department who might, in the exercise of their duties, have occasion to enter the building.   Hence, if plaintiff has any right of action, it must be by virtue of Laws 1893, c. 7.

The body of the act may be broad enough to bring him within its provisions.   It is undoubtedly the law that, in the absence of provisions requiring the subject of the act to be expressed in its title,

the provisions of a statute may carry the act beyond its preamble or title. But, as our constitution requires the subject of the act to be expressed in the title, all provisions of the act not germane to the title (like the act under consideration, viz. "An act providing for the protection of employees"), are invalid, and are just the same as if they had never been incorporated in the act. Thus limited, the act becomes one exclusively for the protection of employees, and firemen would not come within its provisions. In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute for the benefit of somebody else, and that such person would, not have been injured if the duty had been performed; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection. Rosse v. St. Paul & D. Ry. Co., 68 Minn. 216, 71 N. W. 20.

The plaintiff, not having brought himself within the class intended by the statute to be protected and benefited, cannot rely on its violation as grounds for recovery, however meritorious a case he may seemingly have. The question is one worthy of serious legislative consideration, but the court cannot grant relief, for in law there is none.

Order reversed.