DAVID C. HULL v. CHARLES E. CHAPEL and Others.

November 9, 1899.

Nos. 11,882—(59).

### Sheriff—Failure to Pay over Money—Deposit in Insolvent Bank.

On December 2, 1895, C., as sheriff, received money paid him on redemption from a foreclosure sale of real estate, which money he duly tendered H., the party entitled thereto, but who refused to accept the same. Subsequently, on July 24, 1896, H. duly demanded said redemption money of C., who, without lawful excuse, refused to deliver or pay it over to H. On August 18, 1896, C. deposited said money in a bank which shortly thereafter became insolvent and was placed in the hands of a receiver. On depositing said money in said bank, C. took a certificate

of deposit, which he subsequently, after said bank became insolvent, tendered to H., who refused to accept it. *Held,* that C. was liable to H. for the amount of such redemption money from the date of the demand on July 24, 1896.

Action in the district court for Ramsey county to recover $1,548.-50 on a sheriff's bond, executed by defendant Chapel as principal and by the other defendants as sureties. The case was tried before Brill, J., who found in favor of plaintiff and against defendant Chapel; and from a judgment entered pursuant to the findings, said defendant appealed. Affirmed.

*John F. Fitzpatrick* and *Fred M. Catlin,* for appellant.

*John E. Stryker,* for respondent.

BUCK, J.

The defendant Chapel was the sheriff of Ramsey county, Minnesota, from the first Monday in January, 1895, to the first Monday in January, 1897. Prior to that date the plaintiff owned a real-estate mortgage on a certain lot in Ramsey county, and, there being default in the amount due thereon, he, on November 26, 1894, foreclosed the same, and before the expiration of the period of redemption the premises were, on December 2, 1895, duly redeemed from such foreclosure sale, and the money paid to said Chapel, as sheriff of said county, for the use of plaintiff, who owned the sheriff's certificate; and said Chapel, within two or three days after the receipt of said redemption money, unconditionally tendered to the lawful agent of plaintiff the same, but said agent then refused to accept and receive said money. Subsequently, and on July 24, 1896, the plaintiff duly demanded payment of said sum from Chapel, which payment was then refused by him, and no part thereof has been paid to plaintiff by said Chapel.

His alleged excuse or justification for not paying over this redemption money to plaintiff is that on August 18, 1896, he, in good faith, deposited the amount thereof in the Minnesota Savings Bank, a going corporation then transacting business in St. Paul under the laws of the state of Minnesota, and then received from said bank a certificate of deposit for said money, payable to himself, or his order, and that on January 18, 1897, said bank became insolvent,

but that he was ready and willing and offered to transfer and deliver said certificate of deposit to plaintiff, and so notified plaintiff's agent, as he had never received from said bank any portion of said redemption money so promised and received by him.

It is evident that this offer on the part of Chapel constitutes no defense. When plaintiff made the demand on Chapel on July 24, 1896, he had no legal right to withhold and retain the money from plaintiff, and his doing so constituted a conversion, and created a cause of action against him in behalf of plaintiff, and he was in no manner relieved of this liability by his subsequent conduct. Of course, his legal tender to plaintiff released the sureties upon his bond, but his own liability still existed, and he was under obligation to pay the amount over to plaintiff when properly demanded by him; and he shows no legal excuse for his refusal to pay. No action had been commenced against him for this money, and no one but plaintiff had made any demand upon him for the money, which he had deposited in his own name, and without notice to plaintiff where he had put the money.

Some question was made and controversy had over the construction to be placed upon the allegations of the complaint and answer relative to the amount of redemption money demanded by plaintiff of Chapel on July 24, 1896; that is, as to whether plaintiff demanded $1,548.50 or $1,521.36 as redemption money. But we think that this point is very decisively settled by the written demand itself, which contains this clause:

"I have demanded, and hereby demand, payment of the amount of moneys deposited with you on December 2, 1895, on account of such redemption. These moneys amount to (according to my figures) the sum of $1,545, making allowance for all credits to which the party attempting to redeem is entitled."

This is clearly a demand for the amount of the redemption money, whatever it might be. Plaintiff's agent figured it at a certain amount, but the amount demanded was the amount deposited with Chapel, for he says in plain language that it is the amount deposited with Chapel December 2, 1895, as redemption money, which he wishes Chapel to pay over. Of course, Chapel knew the exact amount, and was not depending on the figures of plaintiff's agent;

and, had he paid the amount which he well knew was due, it would relieve him from this liability. Other questions were raised and discussed by counsel, but they need not be passed upon in this opinion, as doing so would not affect the result.

Judgment affirmed.