D. C. YOUNG, Appellee, v. THE PEOPLE'S GAS AND ELECTRIC COMPANY, Appellant.

**Negligence:** SAFE PLACE TO WORK. A street car company which
1 by arrangement with the postoffice department collects mail in boxes attached to its cars, to be taken therefrom at the car barn by a postal carrier, is bound to provide safe access to such cars. Under the evidence the question of defendant's negligence was properly submitted.

**Instructions:** VERBAL INACCURACIES. The mere clerical omission
2 of a word which could not have led the jury to a misunderstanding of the court's instruction, will not constitute reversible error.

*Appeal from Des Moines District Court.*— HON. W. S. WITHROW, Judge.

FRIDAY, JUNE 9, 1905.

ACTION at law to recover damages for personal injury. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Stutsman & Stutsman, Wolfe & Wolfe,* and *Walsh Bros.,* for appellant.

*Seerley & Clark,* for appellee.

WEAVER, J.— The defendant corporation operates a street railway system in the city of Burlington, Iowa. By some arrangement between said railway company and the Post Office Department of the United States, mail boxes are attached to appellant's cars for the reception and transportation of mail deposited therein. At certain intervals a carrier in the postal service is required to visit the central barn or shed in which the cars are stored, and collect the mail from the boxes, a duty which at the time of the accident complained of was being performed by the plaintiff. On the evening of the 12th of November, 1902, the plaintiff went to the car barn, and in attempting to reach a car standing some distance within the door fell into a pit or opening in the floor, and was thereby injured. It is alleged that the defendant was negligent in having placed on the car track a block from which a spike protruded and over which plaintiff claims to have stumbled into the pit. It is also alleged that the pit was usually kept covered, affording a safe way over which plaintiff had been accustomed to pass, but that on the night of the accident it had been negligently left uncovered, and, the barn being dimly lighted, plaintiff was thrown into the

opening without fault on his part. The defendant denies all charges of negligence on its part.

I. Counsel for appellant insist with much earnestness that the evidence is insufficient to sustain a verdict for the plaintiff, and that the court erred in refusing to direct a verdict for the defendant. A careful reading of the record convinces us that this objection is not well taken. There is

1. NEGLIGENCE: safe place to work.

nothing so unusual in the fact questions here involved as to justify us in extending this opinion by a recitation of the testimony. It is sufficient to say the general obligation of the defendant to provide the mail carriers safe access to the cars which they were required to visit cannot well be disputed, while the testimony concerning the defendant's alleged acts of negligence and plaintiff's freedom from contributory negligence so far tended to sustain the allegations of the petition as to require their submission to the jury. Whether the pit was usually covered; whether the way taken by plaintiff was one which he had a right to use, whether there was another and safer way; whether any of the pathways were so incumbered by boxes, pails, tools, or other obstructions that, as a reasonably prudent person, he was justified in seeking another route; whether the route taken was one which the mail carriers and defendant's employés ordinarily used in moving about the barn; whether the block with the protruding spike was so located as to be a source of danger to persons rightfully taking the path followed by the plaintiff — were all matters of more or less dispute on the trial. They involve familiar principles of law, and appear to have been fairly submitted to the jury. It is clear that, if the jury found against the defendant upon these questions, as it had the right to do, then the charge of negligence was established, and it was also for the jury to say whether this negligence was the proximate cause of plaintiff's in-

jury, and whether he was or was not free from contributory negligence.

II.  Numerous exceptions are taken to the charge of the court.  Most of them are grounded upon the proposition that the evidence is insufficient to raise a jury question; and are therefore governed by the conclusion reached upon that question in the preceding paragraph.  Not coming within this class is the exception taken to the fourth paragraph of the court's charge, in which, in giving an abstract definition of negligence, the court appears to have said that negligence " consists in doing something or omitting to do something which a person of ordinary prudence and care would have done or would not have omitted to do."  It is quite apparent that in writing or copying this instruction the word " not " has been omitted or dropped from its proper position between the words " would " and " have done."  This is apparent to every intelligent reader, and we think the omission could not have been prejudicial.  That such is the case is made the more certain from the fact that throughout the entire charge, wherever the court undertakes to explain or state the law of negligence as applied to the concrete facts in issue, the terms employed are clear and correct, and we are very confident the jury could not have misunderstood the true meaning and intent of the court in this respect.  Under such circumstances mere clerical omissions or verbal inaccuracies are not sufficient to constitute reversible error.  *Flam v. Lee,* 116 Iowa, 289; *Beaver v. Eagle Grove,* 116 Iowa, 485; *Smith v. Ins. Co.,* 115 Iowa, 217.

We find no prejudicial error in the record, and the judgment appealed from is *affirmed.*

2. INSTRUCTIONS: verbal inaccuracies.