JOHN F. MEIERS, Respondent, *v.* FRED KOCH BREWERY, Appellant.

**Negligence — licensee — firemen — implied invitation to enter premises — may rightfully enter premises and is neither trespasser nor licensee — owner owes duty of reasonable care.**

1. An action may be maintained by one, not a licensee, entering business·property as of right over a way prepared as a means of access for those entitled to enter, who is injured by the negligence of the owner in·failing to keep that way in a reasonably safe condition for those using it as it was intended to be used.

2. The defendant had built a paved driveway over its property from the street in front, beside its building, giving access to a stable in the rear. Back, one hundred and fifty feet, across half of this pavement, ran an unguarded coal hole. The driveway was used by the defendant and by those who had business with it. One evening the barn caught fire. Plaintiff was chief of the fire department of the city and he responded to the alarm. Reaching the driveway he walked briskly up it. It was dark and in the darkness he fell into the coal hole and so was injured. *Held*, that plaintiff was engaged in the business of the public and, therefore, *rightfully* entered the premises and was neither a trespasser nor a licensee; that defendant owed him the duty of reasonable care under all the circumstances, one of which was the probability of the driveway being used at night by one rightfully entering the premises.

*Meiers* v. *Koch Brewery*, 180 App. Div. 450, affirmed.

(Argued March 16, 1920; decided April 27, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 14, 1917, reversing a judgment in favor of defendant entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Vernon Cole* for appellant. The plaintiff was at most a licensee and the defendant owed him no duty save to refrain from actively injuring him. (*Fox* v. *Warner Quinlan Co.*, 204 N. Y. 240; *Cusick* v. *Adams*, 115 N. Y. 55; *Woods* v. *Miller*, 30 App. Div. 232; *Baker* v. *Otis Elevator Co.*, 78 App. Div. 513; *Eckes* v. *Steller*, 98 App. Div. 76; *Racine* v. *Morris*, 136 App. Div. 467; Cooley on Torts [3d ed.], 648; Shearman & Redfield on Neg. [5th ed.], § 705; *Gibson* v. *Leonard*, 143 Ill. 182; *Woodruff* v. *Bowen*, 136 Ind. 431; *Beehlers* v. *Daniels*, 18 R. I. 563; *Trouton* v. *N. O. T. H. Co.*, 77 Neb. 821; *N. O. T. H. E. L. Co.* v. *Anderson*, 73 Neb. 84; *N. O. T. H. E. L. Co.* v. *Bendsen*, 73 Neb. 49; *Lunt* v. *Printing Co.*, 110 Pac. Rep. 203; *Hamilton* v. *M. D. M. Co.*, 78 Minn. 3; *Kelly* v. *Muhs*, 71 N. J. L. 358.)

*Thomas P. Heffernan* for respondent. Plaintiff entered the premises of the defendant by invitation arising out of a common interest and mutual advantage and upon a paved roadway which the defendant invited the public to use. (*Downes* v. *Elmira Bridge Co.*, 179 N. Y. 136; *Vaughn* v. *Transit Development Co.*, 222 N. Y. 473; *Heffron* v. *N. Y. C. & H. R. R. R. Co.*, 223 N. Y. 473; *Quinn* v. *Staten Island Ry. Co.*, 224 N. Y. 493; *Toomey* v. *Sanborn*, 146 Mass. 28; *Learoyd* v. *Godfrey*, 138 Mass. 315; *Lowe* v. *Grand Trunk Ry. Co.*, 70 Me. 213; *Ward* v. *Hill*, 125 App. Div. 587; Shearman & Redfield on Neg. § 704.)

ANDREWS, J. Over its property from the street in front, beside its building, giving access to a stable in the rear, the defendant had built a paved driveway. Back, one hundred and fifty feet, across half of this pavement, ran an unguarded coal hole. The driveway was used by the defendant and by those who had business with it. To a trespasser or to a licensee, one upon its premises solely for his own purposes and objects, not by invitation but with consent, no affirmative care was due. To all others using the driveway as it obviously was intended to be used reasonable care measured the defendant's duty.

One evening the barn caught fire. Meiers was chief of the Dunkirk fire department and he responded to the alarm. Reaching the driveway he walked briskly up it. It was dark and in the darkness he fell into the coal hole and so was injured. Under such circumstances, as to him, was such care owing?

He was not a trespasser. That is conceded. Was he merely what is called a bare licensee? We regard as immaterial the fact that the alarm was first given by a servant of the defendant. However notice of the fire reached the plaintiff his rights were the same. Nor do we lay stress on the fact that he was a fireman, except as his position might impose greater responsibility upon him than upon one of the public seeking to extinguish the fire or rescue property.

In other states it has been often suggested that while a fireman or policeman entering upon private property in the performance of his duty was rightfully there, this duty was primarily for the protection of the public, not for the benefit of the individual. To entitle one to rely upon an implied invitation to enter, his purpose must be of interest or advantage to the owner. So if his design is to visit employees (*Dixon* v. *Swift*, 98 Me. 207; *Woolwine* v. *C. & O. Ry. Co.*, 36 W. Va. 329), or to sell his wares (*Norris* v. *Nawn Contracting Co.*, 206 Mass. 58), or to

deliver those he has sold (*Muench* v. *Heinemann*, 119 Wis. 441), or to solicit employees to take insurance (*Indian Refining Co.* v. *Mobley*, 134 Ky. 822), or to collect debts from them (*Berlin Mills Co.* v. *Croteau*, 88 Fed. Rep. 860), or in search of a servant (*Plummer* v. *Dill*, 156 Mass. 428), or to look over the machinery (*Benson* v. *Baltimore Traction Co.*, 77 Md. 535), or in search of employment (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391), he is merely a licensee. Similar to these cases it is said is the case of a fireman or policeman. He, too, is merely a licensee. He entered without the invitation, express or implied, of the owner. (*Lunt* v. *Post Printing & Pub. Co.*, 48 Colo. 316; *Gibson* v. *Leonard*, 143 Ill. 182; *Woodruff* v. *Bowen*, 136 Ind. 431; *Beehler* v. *Daniels, Cornell & Co.*, 18 R. I. 563; *Hamilton* v. *Minn. Desk Mfg. Co.*, 78 Minn. 3; *New Omaha T. H. El. L. Co.* v. *Anderson*, 73 Neb. 84; *Kelly* v. *Muhs Co.*, 71 N. J. Law, 358; *Pennebaker* v. *San Joaquin Light & Power Co.*, 158 Cal. 579; *Drake* v. *Fenton*, 237 Penn. St. 8; *Kohn* v. *Lovett*, 44 Ga. 252; *Casey* v. *Adams*, 234 Ill. 350; *Ingalls* v. *Express Co.*, 44 Minn. 128; *Burroughs Adding Machine Co.* v. *Fryar*, 132 Tenn. 612.) Substantially all of these cases relate to accidents in buildings entered by the plaintiffs in the course of their duties. This, however, is a mere accident and undoubtedly the general authority in this country favors the rule as stated.

This court has never passed upon the question and persuasive as may be the judgment of the courts whose decisions we have cited we are still free to declare the law as we believe it exists in New York. And we doubt whether in the case before us it may not fairly be said that there was an implied invitation. " To come under an implied invitation as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged. * * * There must be at least some mutuality of interest in the subject to which the visitor's business relates." (*Plummer* v. *Dill*, 156 Mass. 428.) We know of no better

definition. And within the letter of it is the plaintiff. He was, it is true, engaged in a public service. Incidentally, however, this service requires him to protect the owner's property. The interests of the latter as an individual are involved quite apart from his interests as one of the public. The fireman's purpose " is connected with the business in which the occupant is engaged," although he also has higher and greater ends to serve and this suggestion is not without support. In *Creeden* v. *B. & M. R. R.* (193 Mass. 280), where an officer was injured on the defendant's premises, it was stated that no crime was being there committed nor was any criminal present whom the officer could rightfully arrest. " There was not even the implied invitation on the part of the defendant for the constable to enter the train which might possibly exist if a theft or other crime was being committed on the train." In *The City of Naples* (69 Fed. Rep. 794) a grain inspector was performing his duties on a steamer. He was more than a licensee, for the vessel could not receive its cargo until the cargo had been inspected. So it has been held as to a city employee collecting offal (*Tooney* v. *Sanborn*, 146 Mass. 28); as to one reading a water meter (*Finnegan* v. *Fall River Gas Works Co.*, 159 Mass. 311), and as to a revenue inspector in a distillery (*Anderson & Nelson Distilleries Co.* v. *Hair*, 103 Ky. 196).

We are unwilling, however, to place our decision on so narrow a ground. It would be increasingly difficult to rely on an implied invitation where the fire is on neighboring property or where an officer is pursuing a thief from the scene of his crime a mile away. Nor do we think it is necessary.

A license involves the idea of permission on the one side — its acceptance on the other. A licensee is rightfully on the property. But this right depends upon the owner's consent — consent that may be revoked at any time. He is doing what without such consent would be unlawful.

His position has been compared to that of a donee, or to one to whom a chattel is loaned. Because of this, and what is supposed to have been intended, the duties of the owner are fixed. The consent carries with it no more than the right to use the property in the condition in which it is found. No greater obligation is implied. A mere consent means no more. And the meaning of this consent is the basis of the rule. An invitation also may be withdrawn, as may a consent, but until withdrawn there is a higher duty upon the owner. It is given for the benefit of both parties, so both may be said to contemplate that the invitation may be safely accepted.

Here, assume there was no invitation, yet the plaintiff rightfully enters the premises. His right is not based on consent. No consent is necessary. No refusal of consent would avail. There is no implication as to what was intended by permission, for none was given. Certainly, not by the owner, unless by a strained construction of the facts he is held to have given it because the law requires him to give it. But even if so, consent is but one side of the shield. Acceptance is the other. The plaintiff never voluntarily accepted permission to enter with the consequences that follow. As to him there was no consent. There was a command. Under such circumstances it is a misuse of terms to call him a bare licensee.

The plaintiff entered by a driveway prepared for the use of those who had business with the defendant. Such persons at least were invited to use it. For their use he might assume that it was reasonably safe. And it was adapted and designed to be used as he was using it. He was rightfully there. He was engaged in the business of the public. He was required to reach the barn. He took the pathway that was apparently prepared for those who needed to go there. In such a case we hold that some obligation rested on the owner. This was the conclusion reached in *Learoyd* v. *Godfrey* (138 Mass. 315).

It is true that the officer, Godfrey, may have been called to make an arrest. In comment on the decision this fact has been at times emphasized. We regard it as immaterial, as apparently do the Massachusetts courts. (*Berry* v. *Boston El. Ry. Co.*, 188 Mass. 536, 538.) The essential element is that he entered the premises, rightfully, on the way adapted by the owner for that purpose and that he was neither a trespasser nor a licensee. In *Low* v. *R. R.* (72 Me. 313) a customs inspector in the course of his duties, entered at night upon a wharf and was injured. " Numerous authorities," it is said, " charge the owner with a duty toward those who come upon his premises upon legitimate business connected by no means directly with that to which the structure is appropriated."

If a duty was owing it was the duty of reasonable care under all the circumstances. One of those circumstances would be the probability as to whether the driveway would be used at night after the business day was over by one rightfully entering the premises. We cannot say that under the evidence before us that probability was so slight that as a matter of law no negligence existed. One such customer at least did so use it. Already the barn had been on fire several times. Incendiarism was suspected. On one of the earlier occasions the plaintiff offered to prove that the driveway had in fact been used by the fire department. And the defendant seems to have recognized the need for light.

It was not lighted when the accident occurred, but the defendant claims that sufficient lights were installed and that suddenly the conflagration cut the electric connection and so extinguished them. If this be so it may be there was no negligence. But that they were in fact lighted on the night in question and that they were sufficient for their purpose depends upon the testimony of an interested witness whose testimony was in some degree shaken on cross-examination. On one former occasion, at least, the driveway had been equally dark.

We, therefore, approve the conclusion reached by the Appellate Division, but we limit our decision to the precise facts before us. To the case of one not a licensee entering business property as of right over a way prepared as a means of access for those entitled to enter who is injured by the negligence of the owner in failing to keep that way in a reasonably safe condition for those using it as it was intended to be used.

The order of the Appellate Division should be affirmed and judgment absolute for the plaintiff ordered upon the stipulation, with costs in all courts.

HOGAN, POUND and MCLAUGHLIN, JJ., concur; HISCOCK, Ch. J., COLLIN and ELKUS, JJ., dissent.

Order affirmed, etc.