*184 MEMORANDUM
ADKINS, J.
Plaintiff’s motion to strike the demurrer to the first count was not pressed and defendants were permitted to file an amended demurrer to the first count of the amended declaration.
Plaintiff, a police officer, while on duty at night observed an open window in the Arcade Building at 14th Street and Park Road, Northwest; also that the fire escape ladder was down close to the pavement and out of its usual position. In the performance of his duty to investigate the matter he entered the building through the fire escape, completed his investigation and left the building in the same way. Because of a missing rung in the lowest ladder of the fire escape he fell and was injured. ,
The first count is based upon common law liability for negligence; and the second count is based upon an alleged statutory liability.
The act in question makes it the duty of an owner of any building (intended for certain uses) to provide and cause to be erected and fixed to every such building one or more suitable fire escapes.
Defendant’s motion to strike the second count is based upon the contention that the statute merely requires the erection of the fire escape and does require that it be kept in good condition. I think this contention is untenable and therefore deny the' motion to strike.
However, the main question was argued by'counsel and I treat the motion to strike as also a demurrer.
Counsel on both sides agree that the weight of authority is that under such circumstances the, owner of the building is not liable to a police officer who enters in the performance of his duties. The New York courts have taken a *185 contrary view in two cases. See Racine v. Morris, 136 App. Div. 467, 201 N. Y. 240; Meiers v. Fred Koch Brewery, 229 N. Y. 10, 13 A. L. R. 633.
After examining the authorities it seems to me that the majority rule should be applied here. See Steinwedel v. Hilbert, 131 Atl. 44 (Court of Appeals of Maryland), 45 C. J. 794 and the anno, in 13 A. L. R. at 637.
Therefore the demurrer to both counts will be sustained.