# EMMETT MULCRONE v. PAUL J. WAGNER.
# CITY OF ST. PAUL, INTERVENER.[1]

May 22, 1942.

No. 33,121.

[1]Reported in 4 N. W. (2d) 97.

*Tucker & Tucker,* for plaintiff-appellant.

*Harry W. Oehler,* Corporation Counsel, and *Frank B. Daugherty* and *Francis M. Smith,* Assistant Corporation Counsel, for intervener-appellant.

*Cummins & Cummins* and *Theodore Christianson, Jr.,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff and intervener have appealed from an order denying their motion for new trial. The facts may be summarized as follows: Plaintiff, a captain in the Bureau of Fire Prevention and a long-time member of the St. Paul fire department, was injured on February 26, 1940, as he was going down an inside, back stairway leading from the main floor of defendant's store to the basement. He and Captain Giles had been directed to inspect defendant's premises as fire inspectors pursuant to the requirements of a city ordinance (No. 5080) which defines the duties of "Fire Prevention Inspectors" and confers upon them "the power and authority of policemen" when in discharge of their duties.

Having, in their official capacity, first inspected the ground floor of the store, they next proceeded to the rear on their way to the basement. The stairway was well lighted, but one of the treads, about midway between the top and bottom, was defective, in that a strip about two or two and one-half inches had been broken off the outer edge, thus leaving that tread narrower than those above and below it. On the way down Giles had no difficulty, but plaintiff, who followed immediately behind him, stumbled and fell, receiving injuries for which he sought damages in this action, the basis for which is founded on negligence. An employe of defendant was immediately behind plaintiff. He, too, got down without trouble. The stairway was not used or maintained for the public, its only purpose being to afford defendant's employes a convenient means of bringing goods stored in the base-

ment to the ground floor, where defendant's customers were served. There is neither pleading nor proof that the defect was in the nature of a trap, nor was there anything in the way of concealment about it. There is no claim that defendant was guilty of active or willful conduct. In this situation, the trial court, deeming Hamilton v. Minneapolis Desk Mfg. Co. 78 Minn. 3, 80 N. W. 693, 79 A. S. R. 350, directly in point, granted defendant's motion for a directed verdict.

1. Plaintiff and his companion entered upon defendant's premises in the discharge of official duties required by Mason St. 1927, § 5960, and St. Paul's ordinance No. 5079. This ordinance forbids the owner or occupant of any building "to allow or permit any ashes, waste paper, hay, straw, rags or other waste material of a combustible nature, to accumulate" in or adjacent to "any building owned, controlled or occupied by such person." Thereby plaintiff and Giles were charged with the duty of seeing to it that violators were brought to book, by fine or imprisonment if necessary. They were authorized and directed "to inspect buildings and premises" and "to enter any building" to make such inspection. If the one in possession refused admittance or interfered "with such inspection," punishment by fine or imprisonment might follow. So it is apparent that plaintiff and Giles were not "invitees" as business or social guests, or as "business visitors," as appellants would have us believe. In fact they were there "not in discharge of any private duty due from them to the occupant, but of a duty which they owe to the public." In such circumstances, no duty rested upon the occupant "to keep the property in a reasonably safe condition." Consequently the general rule is that such "owner or occupant is not liable for an injury sustained by a fireman, who entered the premises in the discharge of his duty, from some defective condition of the premises." 38 Am. Jur., Negligence, § 125, and cases under notes.

2. While appellants have with great skill and ingenuity sought to distinguish the Hamilton case, 78 Minn. 3, 80 N. W. 693, 79 A. S. R. 350, from the facts here presented, we find difficulty

in following their line of argument. As remarked by the trial judge, counsel's argument in seeking "to distinguish that case from the present one, because it happened in that case that plaintiff was injured when he entered the premises for the purpose of extinguishing a fire, while in this case plaintiff was injured when he entered the premises for the purpose of making a fire inspection of the premises," seemed to him wholly to fail "when it is borne in mind that making a purely so-called inspection" is as much "a public duty" as that of putting out fires. In either event, said the trial court, "they are performing * * * a public function" rather than a private one, and "whatever benefit it may be to the individual owner or occupant of the building is merely incidental to the greater and more important function" required of such inspectors "in obedience to law."

Nor can it be denied that the rule announced in the Hamilton case is the prevailing rule in this country. Counsel concede as much, for they have "been unable to find" any case directly supporting their contentions.

Being unable to distinguish the Hamilton case, their next contention is that the case should be overruled. In support of that argument they cite Meiers v. Fred Koch Brewery, 229 N. Y. 10, 127 N. E. 491, 13 A. L. R. 633. A reading of that case, however, discloses that the factual background there was radically different from the one we have here. There the injured plaintiff entered a paved driveway leading from the street in front of its building and giving access to a stable in the rear. There was an unguarded coalhole some 150 feet back from the street, into which plaintiff fell. The accident took place within and upon this driveway, which was commonly used by defendant and those having business with it. The barn caught fire, and plaintiff responded to the alarm. Walking briskly and hurriedly in the darkness, he fell into the coalhole and sustained injuries. We have reviewed the cases on this subject with care and find this case the only one deviating from the rule laid down in the Hamilton case.

482

3. The cases seem to draw a clear line of distinction between ordinary or business invitees and policemen and firemen. As to policemen and firemen, by the great weight of authority, the general rule is that, absent statute or ordinance, one who comes upon premises in the discharge of his duty, but without an express or implied invitation to enter, is a licensee to whom the owner or occupant owes no duty except to refrain from injuring him willfully or wantonly and to exercise ordinary care to avoid imperiling him by any active conduct. 38 Am. Jur., Negligence, §§ 124, 125, and cases under notes 1, 2, 10, and 11.

Appellants cite 26 Minn. L. Rev., "Business Visitors and Invitees," p. 573, *et seq.*, as pointing the way to a more liberal rule than the one to which we have referred. But it will be observed that Professor Prosser concedes (at pp. 609, 610): "Firemen and policemen * * * are held almost uniformly to enter under a bare license, and to be entitled at most to disclosure of known dangers." Numerous cases are cited under note 210 as to firemen and under note 211 as to policemen.

The recent case of Brosnan v. Koufman, 294 Mass. 495, 501, 2 N. E. (2d) 441, 104 A. L. R. 1177, upholds the stated rule.

The Hamilton case, decided more than 42 years ago, has never been attacked, limited, or even distinguished. The rule there laid down, although deemed a "hard" one (78 Minn. 5, 80 N. W. 694), was held nonetheless "to be settled that the owner or occupant of a building owed no duty to keep it in a reasonably safe condition for members of a public fire department who might, in the exercise of their duties, have occasion to enter the building." It is to be noted that at the conclusion of that opinion the court said (78 Minn. 6, 80 N. W. 694): "The question is one worthy of serious legislative consideration, but the court cannot grant relief, for in law there is none." Thus there was a clear indication of what the court deemed was a matter for legislative action and one which it properly refused to make law by judicial fiat. We feel the same way now as the court did then.

Appellants urge our adoption of the doctrine applied in the so-called "inspector" cases, claiming that these, in principle, should be controlling as to firemen. These cases are cited in 38 Am. Jur., Negligence, § 126. The distinctions drawn between policemen and firemen cases and the "inspector" cases may not be so clearly stated as one could wish, but the fact remains, we think, that the change should come from the lawmakers, not the courts.

Order affirmed.

PETERSON, JUSTICE (dissenting).

It seems to me that there is no analogy between a fireman entering a building to extinguish a fire and an inspector entering it to make an inspection. If the inspection here had been made by a building inspector instead of a fireman, I think that no one would say that the inspector was a fireman or that the rules applicable to a fireman were applicable to him. It is fortuitous in the instant case that the inspection service was performed by members of the fire department. It is the nature of the service and not the official designation of the person rendering it which should determine the legal relationship and resulting liability of the parties.

The instant case, as the majority opinion points out, is different from Hamilton v. Minneapolis Desk Mfg. Co. 78 Minn. 3, 80 N. W. 693, 79 A. S. R. 350, in that in that case a fireman was injured while he was attempting to extinguish a fire, and in the instant case a fireman was injured while making an inspection. Since we were very careful, in the Hamilton case, to limit our decision to the precise facts of the case, we ought not to extend the rule to other cases not within its facts and the principles there announced, unless compelled to do so by well settled principles of law.

The weight of authority supports the rule that "an inspector who, in the performance of his official duty, goes upon premises which are the subject of inspection is not a mere licensee, but is entitled to the rights of an invitee, in determining liability to

him for injury suffered through the unsafe condition of the premises." 28 Am. Jur., Inspection Laws, § 8. This rule has the support of many well considered decisions, including some by the eighth circuit court of appeals. Cudahy Packing Co. v. McBride, (8 Cir.) 92 F. (2d) 737; The City of Naples (8 Cir.) 69 F. 794 (*per* Caldwell, Circ. J.); Dashields v. W. B. Moses & Sons, 35 App. Cas. (D. C.) 583, 31 L.R.A.(N.S.) 380; Finnegan v. Fall River Gas Works Co. 159 Mass. 311, 34 N. E. 523; Toomey v. Sanborn, 146 Mass. 28, 14 N. E. 921; Young v. People's G. & E. Co. 128 Iowa, 290, 103 N. W. 788; Restatement, Torts, § 345, comment *c*, illustration 2. These authorities are in accord with the rule that where a person is so circumstanced with respect to another that it is obvious that, if he does not use due care in his own conduct, he will cause injury to that person, the duty arises to exercise reasonable care under the circumstances to avoid the injury. Depue v. Flatau, 100 Minn. 299, 111 N. W. 1, 8 L.R.A.(N.S.) 485; Heaven v. Pender, L. R. 11 Q. B. D. 503.

In Emery v. Minneapolis Ind. Exposition, 56 Minn. 460, 463, 57 N. W. 1132, 1133, we held that where a person enters upon the premises of another, either as an invitee or licensee, the possessor of the premises owes such person the duty to exercise reasonable care for his safety, saying:

"It is not material whether the deceased was in the room by invitation, either express or implied, or simply by the permission,— license,—of defendant corporation, for in either case the law imposed upon it the duty of exercising ordinary care. The invitation or license, express or implied, created this duty."

We are committed in principle to this rule in inspector cases. Lundeen v. G. N. Ry. Co. 141 Minn. 180, 169 N. W. 702.

Since the Hamilton case is not strictly in point, we ought not to feel embarrassed in adopting the rule of the inspector cases which I have pointed out. *Stare decisis* ought never to be the excuse for decision where reason is lacking. Nor ought we to feel embarrassed to overrule the case if need be. After all, we

have overruled cases which we deemed unsound in principle even where a statute was construed and the construction presumably was acquiesced in by the legislature. See dissent in Park Const. Co. v. Independent School Dist. 209 Minn. 182, 189, 213, 296 N. W. 475, 135 A. L. R. 59. There I pointed out that we ignored the doctrine of *stare decisis* at will. While I protested against departure from the doctrine where it is properly applicable, I think that this is a case where we are not bound by our prior decision and hence are free to adopt a rule based upon what appears to be sound principle and reason.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.