FRANCIS W. WHITMIRE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29915.)

Court of Claims, July 28, 1950.

*William L. Hunt* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* and *Lawrence H. Wagner* of counsel), for defendant.

RYAN, J. At about 2:30 A.M. on June 28, 1949, the claimant, a volunteer fireman, responded to an alarm of fire in a home on Grand Island. He carried a hose from a pumper which was stationed on the West River Road, and proceeded easterly through tall grass and weeds in the direction of the burning building. He fell into an open and unguarded cellar about four to five feet deep and sustained personal injuries for which he seeks damages from the State of New York. The excavation into which claimant fell was on land owned by the State. It had been acquired in 1935 by the county of Erie for highway purposes and was to be used for the West River Parkway when developed. It had been deeded to the State of New York in March, 1948. Up to the date of claimant's accident no construction work in connection with the parkway had been undertaken in the vicinity nor within two and one-half miles of it. The land had not been opened for travel nor used for highway purposes. The old West River Road was still in existence and in use as a public highway. The point where claimant fell was about one hundred feet to the east of the traveled portion of the highway. The hole was concealed from view at a distance of twenty feet, even in the daytime, by the grass, weeds and vegetation which had grown up around it. When the county of Erie acquired the property the vendors reserved the right to remove a dwelling house standing on it. In August, 1935, this building was split in two, taken from the foundation and removed to adjoining privately owned land. One of the sections of the building was involved in the fire to which claimant was summoned.

Under the circumstances of this case the defendant is chargeable with notice of the condition of its property and claimant is not chargeable with contributory negligence. This does not mean that claimant is entitled to recover. In the first place, the State is not liable under any aspect of its duty to maintain its highways in a condition reasonably safe for the use of travelers thereon because the land, although acquired for highway purposes, had not been dedicated to public use. In the second place, when claimant entered on the State's property he was not an invitee of the State of New York, actual or implied. The case is to be distinguished from *Meiers* v. *Koch Brewery* (229 N. Y. 10) where the plaintiff, to protect the

defendant's property, entered its premises by a driveway prepared for the use of those who had business with the defendant; from *Maloney* v. *Hearst Hotels Corp.* (274 N. Y. 106) where a city fireman was killed by an explosion of paints and chemicals stored on the premises in violation of city ordinances; from *Jenkins* v. *313–321 W. 37th St. Corp.* (284 N. Y. 397) where the presence of gasoline seeping into a sub-basement from adjoining premises created a duty on the defendant, if it had the opportunity, to warn firemen of the peril; from *Carlock* v. *Westchester Lighting Co.* (268 N. Y. 345) where, again, there was a violation of an ordinance; and from *Schwab* v. *Rubel Corp.* (286 N. Y. 525) where it was held to be an issue of fact whether or not the situation constituted an unusual hazard within the meaning of the *Jenkins* case (*supra*). Likewise, the facts here distinguish this case from *Leahey* v. *State of New York* (46 N. Y. S. 310) where a policeman, summoned at the request of a third party, was engaged in protecting the property of the State upon whose roadway he was injured; and from *Rashid* v. *Weill* (181 Misc. 815) where the plaintiff, an air raid warden, entered defendant's premises to warn one of defendant's tenants. To hold that this claimant had an implied invitation to enter upon the State's property in answering a call to public duty to protect the property of an adjoining owner would extend the scope of the *Meiers* case (*supra*) beyond the point reached by Judge ANDREWS. In the thirty years since the *Meiers* decision the Court of Appeals has not gone farther. If anything it has restricted the doctrine. We are unable to find authority to support an award to claimant herein.

Requests to find are adopted or refused as indicated on the documents submitted. Judgment may be entered dismissing the claim.