Frank S. McCullough, J.
This is an action tried before the court without a jury pursuant to subdivision 3 of section 443 of the Civil Practice Act to determine the issue of liability in an action for personal injuries sustained by a police officer while in the performance of his duty on defendant’s property.
The defendant is the owner and in control of a drive-in bank located on the corner of South Columbus Avenue and Bast Third Street, Mount Vernon, New York. Construction work had been in progress on the bank property and construction materials were on the premises at the time plaintiff sustained his injuries.
The accident occurred on June 21, 1957, at approximately 1:00 a.m. While on patrol in a patrol car, plaintiff thought he saw someone behind the bank. He left the car to investigate and make a tour of the area without discovering anyone. On his way out of the premises he stepped on a pile or mound of debris consisting of stones and pieces of wood which caused him to fall.
A police officer is in a distinct class insofar as the obligations of a property owner are concerned. He is neither an invitee nor a licensee.
The status of a policeman is correctly defined in Beedenbender v. Midtown Props. (4 A D 2d 276, 281-282) as follows: “ Hence policemen and firemen must be treated neither as invitees nor as licensees, but as a special class, sui generis, privileged to enter the land for a public purpose irrespective of consent. Whether they have entered to rout a prowler or to fight a fire on the same or on the adjacent premises, whether they have been summoned by the owner or enter of their own volition, *679 the duties owed them, do not vary. The duties are twofold. First, the owner is obliged to use reasonable care to keep in safe condition those parts of the premises which are utilized as the ordinary means of access for all persons entering thereon (Meiers v. Koch Brewery, supra [229 N. Y. 10]). Second, if the owner knows of the presence on the premises of officially privileged persons, such as firemen or policemen, is cognizant of a dangerous condition thereon, and has reason to believe that they are unaware of the danger, he has a duty to warn them of the condition and of the risk involved [citing eases]. The owner owes no duty to those privileged to enter irrespective of consent to safeguard those parts of his property not ordinarily utilized for passage through the premises, or to discover potential dangers therein, for the entry thereon by such persons under unusual conditions at any hour of the day or night is not reasonably foreseeable. ’ ’
The Appellate Division, Second Department, recently decided a case similar to the present case and sustained a judgment of the Supreme Court, Westchester County, dismissing the complaint of the plaintiff at the end of plaintiff’s case. (See Reinholtz v. Singer, 16 A D 2d 678.)
In that case, as here, the plaintiff was a member of the Mount Vernon Police Department and was injured in the course of his duty while seeking a suspected prowler.
The plaintiff contends that his cause of action falls within the rule enumerated in Meiers v. Koch Brewery (229 N. Y. 10) wherein the plaintiff, a fireman, was awarded judgment absolute. The Court of Appeals in that case at page 15 stated : “ The plaintiff entered by a driveway prepared for the use of those who had business with the defendant. Such persons at least were invited to use it. For their use he might assume it was reasonably safe. And it was adopted and designed to be used as he was using it. He was rightfully there. He was engaged in the business of the public. He was required to reach the barn. He took the pathway that was apparently prepared for those who needed to go there. In such a case we hold that some obligation rested on the owner ”. At page 17 the court said: “ We, therefore, approve the conclusion reached by the Appellate Division, but we limit our decision to the precise facts before us. To the case of one not a licensee entering business property as of right over a way prepared as a means of access for those entitled to enter who is injured by the negligence of the owner in failing to keep that way in a reasonably safe condition for those using it as intended to be used ”.
*680 It is incumbent upon this plaintiff to establish that he was injured while upon that portion of the property prepared as a means of access for those entitled to enter.
His testimony was that the place he fell was some 20 or 25 feet in the rear of the bank portico. That he had walked around the bank on the concrete provided for access to the bank and while returning to his ear stepped off the concrete onto the lawn where he slipped on a pile of rocks and debris and fell to the ground.
In response to a series of questions the plaintiff gave the following responses:
Q. Tes, where you fell. A. No, sir, there never had been any concrete there.
Q. What had been there? A. That had been a lawn. People used to walk from their ears to get over to the bank.
Q. Well, when is the last time you had walked on it before the accident? A. I don’t know maybe a week before, sir.
Q. And was it lawn then? A. Yes, sir.
Q. A week before it was lawn? A. Yes, sir.
The mere fact that people walked on the lawn does not constitute an ordinary means of access where defined and prepared means of access existed. The testimony further established that there was no incumbrance or obstruction of the means of access which would prevent their use and the plaintiff had walked around all sides of the building on the concrete.
It is further incumbent upon the plaintiff to establish that he himself was free from contributory negligence.
The plaintiff on cross-examination responded to the following questions as indicated:
Q. Now, as you walked on the path, coming back to the portico, could you see? A. I could see the lights ahead of me; I couldn’t see very well.
Q. You weren’t looking where you were walking? A. No, sir, I was watching the bank building.
The plaintiff has failed to show freedom from contributory negligence. (See Rohrbacher v. Gillig, 203 N. Y. 413; Hudson v. Church of the Holy Trinity, 250 N. Y. 513.)
In view of all of the foregoing the court finds for the defendant.