■ WILLIAM T. MILLER, Respondent, v. ROMAN CATHOLIC CHURCH OF ST. STEPHEN, WARWICK, NEW YORK, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injury, the defendant church appeals from: (1) a judgment of the Supreme Court, Orange County, entered September 1, 1964 after trial, upon a jury's verdict in the plaintiff's favor; and (2) an order of said court, entered September 16, 1964, which denied its motion to set aside such verdict. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. Appeal from order dismissed as academic, without costs. On June 18, 1960, plaintiff, a member of the Warwick volunteer ambulance corps, was called to the defendant's premises to assist in the removal of the pastor who had suffered a stroke. The stricken priest was placed upon a stretcher and plaintiff, along with a fellow member of the ambulance corps, proceeded to carry the stretcher from the rear door of the rectory to an ambulance which was in the parking area behind the rectory. Plaintiff was at the head end of the stretcher, walking backwards. Upon leaving the rectory, plaintiff had an option to take the stretcher along a flagstone path which led in a roundabout fashion to the parking area and to the ambulance, or to proceed on a direct line to the ambulance over a grass lawn. Plaintiff elected to take the direct route over the lawn and was moving backwards when his heel caught on a lip which had been placed on the edge of the blacktopped parking area to prevent the drainage of surface water into the rectory. The lawn had been mowed but the grass along the edge of the blacktopping concealed this lip. Plaintiff, a volunteer ambulance corps member lawfully on the church premises in that capacity, was within the *sui generis* class of persons privileged to enter upon the land for a public purpose (cf. *Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Reinholtz* v. *Singer*, 16 A D 2d 678; *Beedenbender* v. *Midtown Props.*, 4 A D 2d 276, 281). To the members of such class an owner of land owes the duty to keep in a reasonably safe condition those parts of the premises which are used as the ordinary means of access for persons entering

thereon and to warn them of dangerous conditions on the premises known to him and of which he believes them to be unaware (*Beedenbender* v. *Midtown Props., supra*). Plaintiff concedes that there was no violation of the duty to warn in this case. The question at issue narrows, therefore, to whether plaintiff was injured by a breach of defendant's duty to keep safe for him a part of the church premises ordinarily used for ingress and egress. The fact that plaintiff had acted reasonably in choosing a path other than the one which the owner had provided does not convert the selected path into an ordinary means of access to the property (cf. *Reinholtz* v. *Singer, supra*; *Beedenbender* v. *Midtown Props., supra*). Nor does the fact that one witness testified that some parishioners attending the church walk across the grass have any such effect (cf. *Larson* v. *First Nat. Bank of Mount Vernon*, 37 Misc 2d 678, 680). No invitation to use property arises from the owner's failure to enclose it to prevent passage over it (cf. *Bennett* v. *City of Mount Vernon*, 243 App. Div. 119, 120; *Basmajian* v. *Board of Educ.*, 211 App. Div. 347, 354; see 4 Shearman & Redfield [rev. ed.], Negligence, § 781; James, Tort Liability of Occupiers of Land, etc., 63 Yale L. J. 605, 619–620). In the absence of evidence sufficient to create a jury question as to whether the grass lawn was an ordinary means of access to the church premises, there is no basis for casting the defendant church in liability; hence, its motion to dismiss the complaint should have been granted. Ughetta, Acting P. J., Hill and Benjamin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to affirm the judgment.