**WOODLAND MUTUAL FIRE INSURANCE COMPANY, the Reinsurance Association of Minnesota, Northstar Mutual Insurance Company, Joint Appellants,**

v.

**David C. PALMI, et al., James Larson, et al., County of St. Louis, Ronald E. Jokimaki, Respondents.**

**No. C3–84–2253.**

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied June 27, 1985.

Paul J. Wocken, Willenbring, Lickteig & Dahl, Cold Spring, for Woodland Mut. Fire Ins. Co.

Charles H. Becker, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Northstar Mut. Ins. Co.

Dennis R. Johnson, Michael C. Snyder, Meshbesher, Singer & Spence, Ltd., Minneapolis, for Palmi et al.

Wayne E. Gilbert, Falsani, Balmer & Berglund, Duluth, for Larson et al.

Barbara A. Russ, Duluth, for St. Louis County.

Edward A. Litman, Duluth, for Jokimaki.

Heard, considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is a declaratory judgment action to determine insurance coverage where the insureds are alleged to have committed an assault. The trial court certified the following questions as important and doubtful, Minn.R.Civ.App.P. 103.03(h):

1. Did the fireman's rule apply to police officers on or about September 16, 1979?
2. If number 1 is in the affirmative, then was there an exception to the fireman's rule for: a. intentional acts with the intent to harm; b. intentional acts without the intent to harm.

## FACTS

Appellants Woodland Mutual and Northstar Mutual are the homeowners insurance carriers of David Palmi and Donald Olesiak, defendants in actions brought by Deputy Sheriffs Larson and Hall. On September 16, 1979, Larson and Hall were called to the Brookston American Legion to disburse a crowd attending a dance at such place. After arrival and while attempting to prevent violations of law, they were physically assaulted by Palmi or Olesiak or other members of the Legion crowd.

Woodland and Northstar brought motions for summary judgment in the Fall of 1983, which were denied. The trial court, in its Memorandum, indicated that the fireman's rule would be applicable to this case, but could not be applied to allegations of intentional tort. The Court indicated that there were factual disputes to be resolved. (The defendants had not moved for summary judgment.)

The appellants then moved for a reconsideration of this decision, or a certification of the question as important and doubtful,

based in part upon the intentional acts exclusion, and in part upon application of the fireman's rule. The court determined, with the agreement of the parties, that certification was appropriate. The court's order states as follows:

> The Court recognizes that there are bases for holding that the Fireman's Rule applied to police officers as of September 16, 1979, and that the Rule applied to injuries caused by the willful or intentional acts of others. Plaintiffs' motion for summary judgment has been denied. It is however the Court's feeling that the questions of law presented therein are important and doubtful.

## DISCUSSION

### 1. Application of the Fireman's Rule

The fireman's rule, as applied in Minnesota prior to its statutory abrogation, relieved landowners and others of their duty of reasonable care towards firemen and policemen with respect to risks which the latter primarily assumed as a part of their duties. *Hannah v. Jensen*, 298 N.W.2d 52, 54 (Minn.1980).

■ The parties have acknowledged and the court so agrees and holds that the fireman's rule applies to policemen for occurrences prior to the statutory abrogation of the rule, Laws 1982, Ch. 601, § 3. *See, Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 904, n. 3 (Minn.1984) (statutory abrogation for firemen not applied retroactively); *Hannah v. Jensen.*

### 2. Fireman's Rule and Intentional Torts

Respondents argue that the fireman's rule is not applicable to an intentional tort.

The fireman's rule originated as an exception to the landowner's duty of care to those entrants on the land classified as licensees or invitees. *Mulcrone v. Wagner*, 212 Minn. 478, 482, 4 N.W.2d 97, 99 (1942).

■ The fireman's rule whether expressed as an aspect of the landowner's duty of care, or as primary assumption of

the risk, *Armstrong v. Mailand,* 284 N.W.2d 343, 350 (Minn.1979), has been considered an aspect of negligence law, and not the law of intentional tort. Thus, the theories of recovery in *Armstrong* were negligence, strict liability, and strict products liability. The limitation expressed in *Mulcrone* for willful or wanton injury to the fireman limits the fireman's rule to negligence cases. If the landowner retained a duty to "exercise ordinary care to avoid imperiling [the fireman or policeman] by any active conduct," 212 Minn. at 482, 4 N.W.2d 97 at 99, it follows that he could not avoid liability for an intentional tort.

Appellants' argument that an intentional act without such an intent to harm is simply another way of stating a negligence claim is without merit. The distinction between an intentional tort such as an assault, and an act wrongful merely by deviation from a standard of care, is sufficiently clear. Although insurance policies have been held to cover such acts lacking the requisite intent to harm, the cases do not indicate that they are to be confused with negligence. *See, e.g. Caspersen v. Webber,* 298 Minn. 93, 213 N.W.2d 327 (1973) (exclusion may be inapplicable although act inflicting assault is intended).

## DECISION

The order of the court denying summary judgment is affirmed. The answers to the certified questions are as follows:

1. The fireman's rule is applicable to the 1979 occurrence.

2. The fireman's rule is not applicable to allegations of intentional tort.